## ELECTRO NUCLEAR SYSTEMS CORPORATION v. TELEX CORPORATION.

205 N. W. 2d 127.

March 2, 1973—No. 43830.

*Lindquist & Vennum* and *John B. Winston,* for appellant.
*Henson & Tully* and *Joseph T. Dixon, Jr.,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Olson, JJ.

PER CURIAM.

Plaintiff commenced action in 1964 against defendant. This claim was purchased by Robert Burnight, a former director of plaintiff, from bankruptcy proceedings of plaintiff in 1969 and no action was taken until 1972, when defendant's motion for dismissal on the merits for failure to prosecute was granted. We affirm.

Plaintiff's claim against defendant arises out of alleged oral representations regarding the purchase of certain switching equipment in 1960. Action was commenced on May 21, 1964, and the matter was called for trial in 1965. On November 10, 1965, it was stricken from the trial court calendar because plaintiff was not ready to proceed. On January 25, 1966, plaintiff filed a voluntary petition in bankruptcy and the trustee did not proceed on this claim, although he did pursue other claims of the plaintiff. On November 9, 1969, the trustee sold and assigned this claim to Mr. Burnight. In response to defendant's motion to dismiss the claim on the merits for failure to prosecute, Mr. Burnight submitted certain affidavits to justify his failure to pursue the claim. On May 2, 1972, the trial court entered its order dismissing the complaint.

We have carefully reviewed the records and proceedings herein and find that the evidence sustains the order of dismissal. A reviewing court is charged with the duty to view the record most favorably to sustain an order involving the exercise of discretionary authority by a trial court. Kielsa v. St. John's Lutheran Hospital Assn. 287 Minn. 187, 177 N. W. 2d 420 (1970).

Affirmed.