DANIEL A. ZULESKI, INDIVIDUALLY AND AS CUSTODIAN
FOR RICHARD ZULESKI, A MINOR, AND ANOTHER v.
MICHAEL PIPELLA AND OTHERS.

245 N. W. 2d 586.

July 23, 1976—No. 46372.

586

*Pokorny & Erickson* and *Wayne A. Pokorny,* for appellants.
*Fredrikson, Byron, Colborn, Bisbee & Hansen, Jerome B. Pederson,* and *John A. Satorius,* for respondents.

PER CURIAM.

Plaintiffs appeal from an order of the district court denying their motion to reinstate their cause of action on the general term calendar and granting defendant's motion to dismiss pursuant to Rule 37.04 and Rule 41.02(1), Rules of Civil Procedure. We affirm.[1]

The action was commenced in February 1972. Plaintiffs filed a note of issue on August 11, 1972. On February 28, 1973, they were notified that if the case was not certified ready for trial within 10 days, it would be striken from the general term calendar. No certification having been filed, it was striken on April 2, 1973.

In November 1974, counsel for plaintiffs sought, and were refused by defendant's counsel, a stipulation to reinstate the matter. On July 24, 1975, plaintiff's counsel noticed a motion to reinstate the matter. Thereafter defendants brought the aforementioned motion to dismiss. In an affidavit filed in conjunction with the motion, counsel for defendants alleged prejudice in that, among other things, some defendants and other material witnesses were absent from the jurisdiction and their whereabouts unknown.

Rule 41.02(1), Rules of Civil Procedure, provides as follows:

"The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court."

A dismissal under this rule is an exercise of discretionary authority which will be sustained on appeal absent a showing of clear abuse viewing the record in light most favorable to the trial court's order. Electro Nuclear Systems Corp. v. Telex Corp. 295 Minn. 576, 205 N. W. 2d 127 (1973); Kielsa v. St. John's Lutheran Hospital Assn. 287 Minn. 187, 177 N. W. 2d 420 (1970). The decision to dismiss necessarily depends upon the circumstances peculiar to each case, justice and equity to each party, and considered "with reference to 'just, speedy and inexpensive'

---

[1] No findings of fact, conclusions of law, or memorandum was included in the district court's order. Because of our decision that the order of dismissal was proper under Rule 41.02(1), we do not reach the issues raised by plaintiffs in regard to Rule 37.04.

disposition of the case and the policy underlying the dismissal rules of preventing harassment and unreasonable delays in litigation." *Firoved v. General Motors Corp.* 277 Minn. 278, 283, 152 N. W. 2d 364, 368 (1967).

We have carefully reviewed the records and proceedings herein and find the district court's order of dismissal was a proper exercise of its discretion.

Affirmed.