**Cleo M. DVORACEK, Appellant,**

v.

**Richard E. LOVELY, et al., Continental Bankers Life Insurance Company, North American Life & Casualty Company, Occidental Life Insurance Company of California, Respondents,**

**New York Life Insurance Company, Defendant.**

**No. C3–84–1930.**

Court of Appeals of Minnesota.

April 23, 1985.

Lee L. La Bore, Hopkins, for Dvoracek.

Arnold I. Feinberg, St. Louis Park, for Lovely, et al.

David B. Orfield, Minneapolis, for Continental Bankers Life Ins. Co.

John C. McNulty, St. Paul, for North American Life & Cas. Co.

James D. O'Connor, Scott W. Johnson, Minneapolis, for Occidental Life Ins. Co. of California.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant commenced this action in April, 1976. About six years ago, her current counsel became involved in the case. Appellant took no action in the suit from June 1976, until a note of issue was filed in April 1984. The trial court granted respondents' motion to dismiss for failure to prosecute. We affirm.

## FACTS

In April 1976, appellant Cleo M. Dvoracek commenced this action against respondents Consolidated Brokerage, Inc., and Richard E. Lovely, a salesperson with Consolidated Brokerage, as well as four insurance companies, Continental Bankers Life Insurance Company, North American Life & Casualty Company, Occidental Life Insurance Company of California, and New York Life Insurance Company. New York settled in 1976, and was dismissed from the lawsuit. In her complaint, which was never filed with the district court, and which was never provided to this court, appellant apparently alleged that Lovely had wrongfully urged appellant's deceased husband, Robert H. Dvoracek, to terminate his life insurance policies with these insurance companies, and that the companies were vicariously responsible for Lovely's conduct because Lovely was their agent.

Appellant deposed respondent Richard Lovely on March 31, 1975. She served interrogatories in 1976; all parties responded by April 21, 1977. She served an unexecuted and undated response to Occidental's request for admissions in June 1976. Appellant's current attorney began to represent her in the latter part of 1978 or early 1979.

On March 30, 1984, Occidental moved to dismiss appellant's complaint for failure to prosecute. Other respondents made similar motions. On April 10, 1984, appellant served its note of issue. The hearing on the motion was held, and the district court considered the matter before it to be a motion by all respondents to dismiss, pursuant to Minnesota Rules of Civil Procedure 41.02(1).

At the time of the decision, the trial court was provided a letter from former counsel for Lovely and Consolidated in which he informed counsel for Occidental that he was no longer practicing law, that there was no listing for Lovely in the telephone book, and that he had no idea how to reach him. Appellant stated the telephone number and address of Lovely and Consolidated Brokerage in her brief, but this information was not provided to the trial court.

The trial court dismissed the action. In a memorandum, the court said:

> The court finds that defendants have obviously been prejudiced by the seven-year delay in prosecuting this action: several material witnesses are no longer employed by the corporate defendants and cannot be located, their depositions have never been taken, and it is unlikely that even if they could be located they would be able to recall with any clarity events which occurred more than ten years ago. Further, the Court finds that plaintiff has not offered any reasonable excuse for the failure to prosecute this action more diligently. The Court is aware that Mr. La Bore did not become counsel of record for plaintiff until about 1979, but even a five-year delay in prosecuting this action is inexcusable.

At oral argument to this court, appellant conceded that the trial court's decision should stand as to respondents Occidental, North American, and Continental, and limits her appeal to the dismissal of respondents Lovely and Consolidated Brokerage.

## ISSUE

Whether the trial court abused its discretion in granting the motion to dismiss for failure to prosecute as to respondents Lovely and Consolidated Brokerage.

## ANALYSIS

### 1.

The trial court dismissed this action for "failure to prosecute." Minn.R.Civ.P. 41.02(1). To dismiss for this cause, it must be shown:

> (1) that the delay prejudiced the defendant, and (2) that the delay was unreasonable and inexcusable.

*Scherer v. Hanson,* 270 N.W.2d 23, 24 (Minn.1978) (per curiam) (footnote omitted). A decision to dismiss an action for failure to prosecute will be reversed only upon an abuse of discretion. *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.,* 355 N.W.2d 138, 144 (Minn.1984). The record must be reviewed in the light most favorable to the trial court. *Zuleski v. Pipella,* 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976).

The supreme court has expressed the policy behind the rule authorizing dismissals of this type:

> This court has long recognized that public policy requires reasonable diligence in bringing litigation to a close and will not allow parties to delay suits for an unreasonable length of time. Since witnesses die or disappear and memories fade, trial of actions should never be negligently and unreasonably delayed. Consequently, a trial court has the discretion to dismiss a suit where the plaintiff's failure to exercise reasonable

diligence is unexcused, and the nature of the claim requires the exercise of such diligence.

*DeMars v. Robinson King Floors, Inc.,* 256 N.W.2d 501, 504 (Minn.1977). Dismissal with prejudice is a drastic form of relief, and the supreme court has stated that it should be granted only in exceptional circumstances where there are "considerations of wilfulness and contempt for the authority of the court or the litigation process, in addition to prejudice to the parties involved." 2 J. Hetland and O. Adamson, Minnesota Practice 195 (1970), quoted in *Peters v. Waters Instruments, Inc.,* 312 Minn. 152, 156, 251 N.W.2d 114, 116 (Minn. 1977).

**2.**

This action was brought more than eight years ago. The record shows little, if any, work done on the matter since appellant's attorney accepted the case in late 1978 or early 1979, apart from filing a note of issue shortly after the first motion to dismiss for failure to prosecute was served. Further, there is no evidence that the client took any action to urge her attorney to pursue the matter. *See Scherer,* 270 N.W.2d at 25. No factual reason has been asserted for the delay, either to the trial court or to this court. There was no argument presented here which would show that the trial court abused its discretion in determining that the delay was unreasonable and inexcusable, and we conclude that the trial court did not abuse its discretion.

**3.**

The trial court determined that respondents had been prejudiced by the delay. It appeared to the trial court that respondent Lovely could not be located and

that certain other witnesses had left their employment with other respondents. Appellant did not present any evidence to the contrary. These facts show that respondents were prejudiced. On appeal, appellant attempts to assert the whereabouts of respondent Lovely. New evidence, not in the record below, and not even presented in affidavit form to this court, will not be considered for the first time on appeal. *Housing and Redevelopment Authority v. Kotlar,* 352 N.W.2d 497, 500 (Minn.Ct.App. 1984).

Appellant also contends that her issues are narrow and few witnesses are necessary. We are unable to judge the soundness of this argument. Appellant never filed her complaint with the district court, nor have we been provided with the complaint. The nature and breadth of appellant's claims are unknown to us.

We do not find that the trial court abused its discretion in determining that respondents were prejudiced by the delay.

**DECISION**

The trial court did not abuse its discretion in deciding that respondents were prejudiced by unreasonable and inexcusable failure of appellant to prosecute her action.

Affirmed.