Linda STELFLUG, et al., Appellants,

v.

Joseph H. BENSON, et al.,
Respondents.

No. C9–85–1991.

Court of Appeals of Minnesota.

April 29, 1986.

Melvin J. Peterson, Jr., Robert M. Pearson, Rogers, for appellants.

Gary R. Schurrer, Stillwater, for respondents.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

### FACTS

Appellants, adult children of decedent Robert Thon, Sr., sued their uncle, John Benson, and his former wife, Clara Benson,

for fraud and breach of express, constructive, and resulting trusts. They claim the Bensons breached their agreement to hold property for their beneficial interest. The disputed property included proceeds of Thon's life insurance policy that named the Bensons as beneficiaries, Thon's homestead which he conveyed to the Bensons, and various personal property.

The Bensons' attorney denied the complaint and affirmatively pled, among other defenses, that the action was barred by the statute of limitations. John Benson transferred the file to a second attorney, who failed to answer interrogatories, did not appear at a hearing to compel answers to interrogatories, and did not defend against the motion to strike the Bensons' answer and enter a default judgment. Default judgment for $78,342 was entered on February 26, 1985.[1]

The Bensons learned of the judgment in April 1985 when they each received a copy. They retained a new attorney who moved to vacate the judgment. Appellants' attorney opposed the motion, moved for a cost bond of $78,342, and requested $5,000 in attorney's fees. The trial court vacated the default judgment, denied appellants' motion to impose a cost bond, and ordered the Bensons to pay $250 in attorney's fees to appellants. Appellants moved to amend the order, increase the award of legal fees, and waive the appellate cost bond. The court reduced the cost bond and specified that the $250 in attorney's fees were for fees incurred on the motion to vacate the default judgment and that appellants would have the right after trial to petition for attorney's fees and costs incurred in obtaining the original default judgment.

Appellants contend the attorney's fees are inadequate and the court improperly vacated the default judgment because the Bensons failed to show excusable neglect and do not have a reasonable defense on the merits.[2]

## DECISION

The Bensons' affidavits detail their good-faith efforts to answer the interrogatories. Clara Benson stated that she received the interrogatories in June of 1984, reviewed them, wrote out answers on June 25, and gave them to Joseph Benson to give to their attorney. Joseph Benson stated that within a few days of June 25, he delivered her handwritten answers to the attorney at an appointment where they discussed his own answers. The Bensons believed that the attorney was handling their case and that "everything was proceeding smoothly." They did not know the interrogatories were not answered and did not know of the motion to compel answers. They apparently first learned of the judgment when they received a copy in April 1985. The Bensons entrusted their case to their attorney and relied upon the attorney's assurances. This does not amount to inexcusable neglect within the meaning of Rule 60.02. *See Finden*, 268 Minn. at 272, 128 N.W.2d at 751.

The record also supports a finding that the Bensons possess a meritorious defense. Appellants' complaint, the Bensons' answer, and the affidavit of Gary Schurrer, the Bensons' attorney, establish a factual basis for the statute of limitations as an affirmative defense. The statute of limitations for actions based on fraud and enforcement of trusts is six years. *See* Minn. Stat. § 541.05, subds. 1(6) and 1(7) (1984).

1. It is unclear from the record whether appellants served notice of motion to strike the answer and enter default judgment. *See* Minn.R. Civ.P. 55.01(2). However, this issue was not raised in the trial court or on appeal.

2. Minn.R.Civ.P. 60.02 allows a trial court to relieve a party from a final judgment and order a new trial in the event of "[m]istake, inadvertence, surprise or *excusable neglect*." (Emphasis added). The supreme court has held that a litigant should be relieved from the conse-

quences of an attorney's neglect in those cases where the litigant

  (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) [shows] that no substantial prejudice will result to the other party.

*Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964) (footnote omitted).

Schurrer's affidavit and the pleadings support the Bensons' claim that appellants knew of the sale of the real property in 1977 and did not bring suit until 1984.

The trial court's ruling is in conformity with the well-established policy that trials on the merits are favored whenever possible. The court did not abuse its discretion in vacating the default judgment.

Neither did the trial court abuse its discretion in awarding attorney's fees or in refusing to impose a cost bond. Courts have broad discretion to determine what terms are just as conditions for relieving a party from a judgment. 2A D. Herr & R. Haydock, *Minnesota Practice* § 60.8 at 299–300 (1985). Appellants' attorneys sought to recover attorney's fees for services extending far beyond the motion to vacate, some of which had already been awarded in the previous order to compel answers to the interrogatories. It was not abuse of discretion to award $250 for the fees incurred on the motion and to allow appellants to petition for additional fees at the conclusion of the litigation.

Affirmed.