Alex **DORENKEMPER, et al.,**
Appellants,

v.

**CITY OF EDEN PRAIRIE, et al., Respondents.**

No. C1–86–747.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Dec. 12, 1986.

Jerre A. Miller, Vesely, Miller & Steiner, P.A., Hopkins, for appellants.

Joseph A. Nilan, Lang, Pauly & Gregerson, Ltd., Minneapolis, for respondents.

Heard, considered, and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Appellant, Alex Dorenkemper, appeals the trial court's dismissal of his suit on grounds of failure to prosecute. The original suit was commenced in 1977. However, appellant did not file a note of issue until July 17, 1985. Respondent, the City of Eden Prairie, successfully moved for

dismissal claiming it was prejudiced by the delay. We affirm.

## FACTS

This is a zoning case. In 1958, respondent, the City of Eden Prairie, passed Ordinance No. 8 mandating maximum and minimum lot sizes for residential and agricultural zones. Appellant owned approximately ninety acres of land that he planned to develop into a residential area. His land was zoned agricultural. On February 28, 1967, respondent adopted Ordinance No. 93, which established subdivision requirements for land platting and development. The ordinance provided that any preliminary plat development approval was void after six months unless a final plat was filed or an extension given. The ordinance also required a developer to dedicate five percent of any platted area for parks and playgrounds.

In 1967, Eden Prairie adopted Ordinance No. 107, which rezoned appellant's land to residential. Appellant planned to develop this property into half-acre lots. In 1968 the city council approved his preliminary plat of 113 lots.

The project was to be completed in phases. The city council approved final plats for the first twenty six lots known as "Maplewood Park Estates," in July, 1969. Outlots A and B of Maplewood Park Estates were dedicated to parks and playgrounds, as required by Ordinance No. 93.

On October 14, 1969, Eden Prairie adopted Ordinance No. 135, which repealed Ordinance No. 8, and reclassified appellant's remaining lots as agricultural. The ordinance required these lots to be a minimum of five acres in size.

On March 29, 1973, appellant applied to Eden Prairie to rezone the remainder of his property from agricultural to residential and to allow development of fifty eight half-acre lots. Eden Prairie prepared both a planning report and an engineering report. Following preparation of the reports, the parties negotiated. Eden Prairie did not want to approve development of lots under five acres until those lots were serviced by water and sewer utilities. The parties reached a compromise. Eden Prairie approved final platting for nineteen one-half acre lots. In exchange for that approval, appellant signed a declaration to refrain from further platting of his land until sewer and water lines were installed or for five years.

Appellant applied for zoning and replatting of his remaining land three times in 1974. Eden Prairie denied all requests because the sewer and water lines had not yet been installed. Appellant brought suit in 1977 challenging the validity of Ordinance No. 135, seeking return of the land dedicated for parks and playgrounds, and charging Eden Prairie with breach of contract and several counts of tort. Because the statute of limitations had expired, the court granted Eden Prairie summary judgment on the tort and contract claims and denied summary judgment on respondent's remaining claims relating to Ordinance No. 135 and return of the dedicated land.

In 1979 appellant again requested that Eden Prairie rezone the remainder of his lots to residential. The city denied the request because the area was still not serviced by sewer and water utilities. Between 1981 and 1985, appellant successfully sued for malpractice the two attorneys who had represented him during the course of the suit because they had allowed the statute of limitations to expire on most of his original claims.

Appellant filed a note of issue in connection with his remaining claims on July 16, 1985. Eden Prairie brought a motion to dismiss for failure to prosecute. Initially, the trial court denied the motion, finding Eden Prairie did not show prejudice.

On December 16, 1985, the trial court ordered accelerated discovery and scheduled an arbitration hearing for January 15, 1986. On January 6, 1986, Eden Prairie brought a second motion to dismiss for failure to prosecute. This time the trial court granted the motion to dismiss on January 14, 1986. The court found appellant's unreasonable and inexcusable delay

in bringing suit had prejudiced Eden Prairie. The court based its decision on the fact that eight years had passed since the filing of the summons and complaint. It found that little discovery had occurred since the summary judgment order; that the lapse of time would negatively affect the witnesses ability to recall relevant facts; that Eden Prairie's file had been lost; that because of the over-all fifteen year period since most of the events had occurred, it was unlikely that witnesses could recall relevant facts with certainty and without bias; that witnesses would have very little recall independent of their written records; and that seven witnesses were either dead or could not be located.

Dorenkemper appeals from the judgment of dismissal. At special term before this court, Eden Prairie moved to strike portions of the appendix to appellant's brief because they were not part of the trial court record. These portions were: appellant's January 13, 1986, deposition and all references to the deposition in appellant's brief; appellant's affidavit and any references to the affidavit in appellant's brief; and the affidavit of another witness, Mark Geier. The special term panel referred the issue to the panel hearing the appeal.

### ISSUE

Did the trial court err by dismissing appellant's suit for failure to prosecute?

### ANALYSIS

■ Appellant waited eight years from the time of filing the summons and complaint until he filed his Note of Issue. The court dismissed his case because of the lengthy delay between serving the summons and complaint and filing the note of issue. Appellant claims that the trial court's dismissal of his case deprived him of his day in court. He argues that his delay was excusable and due solely to his attorneys' neglect and malpractice. We do not agree, and we affirm the trial court's dismissal of appellant's action.

The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Minn.R.Civ.P. 41.02(1). Dismissal of an action for failure to prosecute is within the discretion of the trial court. *Scherer v. Hanson*, 270 N.W.2d 23, 24 (Minn.1978). Before a court can dismiss an action for failure to prosecute, it must find that the delay prejudiced the defendant and that the delay was unreasonable and inexcusable. *Id.* A decision to dismiss an action for failure to prosecute will be reversed only upon an abuse of discretion. *Dvoracek v. Lovely*, 366 N.W.2d 391, 393 (Minn.Ct.App. 1985). However, prejudice should not be presumed from the mere fact of delay. *Copeland v. Bragge*, 378 N.W.2d 35, 38 (Minn.Ct.App.1985). We view the record in the light most favorable to the trial court. *Dvoracek* at 393.

■ We hold that the trial judge properly found the lengthy delay inexcusable and unreasonable. More than fifteen years had passed since the occurrence of the events giving rise to this suit. Seven key witnesses were either dead or could not be located. Little discovery had occurred since the summary judgment order. The court found significant the fact that Eden Prairie had lost its file, although it did not hold appellant responsible for the lost file.

The trial court found that Eden Prairie had shown the prejudicial factors named in *Copeland:* that the period of delay made it highly unlikely that the witnesses would be able to recall the relevant facts with certainty and without bias, and that the witnesses would have difficulty recalling any facts of the case independent of their records.

Appellant's delay in bringing the case was unreasonable. He argues that he did not prosecute the case earlier on the advice of certain of his previous attorneys. However, we find that his claimed reliance on those attorneys, under the circumstances, was unreasonable, since he successfully sued these same attorneys for malpractice.

The two malpractice suits were in progress between 1981 and 1985.

Appellant has received substantial settlements from the malpractice suits arising from the summary judgment. He has thus been compensated to some extent for his loss. He is a sophisticated individual who has been proceeding pro se for several years in this action.

Prior to oral argument, Eden Prairie brought a motion to strike portions of appellant's appendix: appellant's deposition, appellant's affidavit, and the affidavit of a Mark Geier. All three of these were given after trial and are claimed to be outside of the record.

It is well settled that an appellate court may not base its decision on matters outside the record on appeal, and that matters not produced and received in evidence below may not be considered. *Plowman v. Copeland, Buhl, & Co., Ltd.,* 261 N.W.2d 581, 583 (Minn.1977). There are exceptions to the rule. Where evidence is conclusive and incontrovertible, it may be considered. *Id.*

Appellant's deposition was taken by a notary public on January 13, 1986, and was not presented to the trial court. Appellant's deposition testimony was a general recitation of the facts and restatement of the merits of his case, apparently the testimony he would have given at trial. His testimony is not generally controverted by Eden Prairie on appeal, because the sole legal issue on appeal is the propriety of the trial court's dismissal for failure to prosecute. The same can be said for the two depositions. However, we need not decide if the offered materials fit into one of the recognized exceptions of *Plowman.* We are not reviewing the merits of appellant's case but only the dismissal for failure to prosecute. Thus, the materials submitted by appellant are not relevant to our inquiry.

### DECISION

The trial court did not err by dismissing appellant's case for failure to prosecute.

Affirmed.