**ARNOLD JOHNSEN DECORATORS, INC. and Arnold Johnsen, individually, Appellant,**

v.

**HOLMBECK AND ASSOCIATES, INC., West Bend Mutual Insurance Company, Respondents.**

No. C4–86–2220.

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 23, 1987.

James E. Speckmann, St. Paul, for Arnold Johnsen Decorators, Inc. and Arnold Johnsen, individually.

Lyle R. Frevert, Kay Nord Hunt, Minneapolis, for Holmbeck and Associates, Inc.

Phillip A. Pfaffly, Dale M. Wagner, Minneapolis, for West Bend Mut. Ins. Co.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Arnold Johnsen appeals from an order dismissing his case with prejudice based on Minn.R.Civ.P. 41.02. We reverse and remand for trial.

## FACTS

In October 1979 Arnold Johnsen was injured in an automobile accident. Johnsen

sued his insurer Holmbeck and Associates, Inc. (Holmbeck) in the fall of 1982 for failure to procure adequate insurance to protect him and his business from the results of the accident.

During the next year, despite requests from Holmbeck, Johnsen failed to produce certain requested documents. On December 9, 1983, Holmbeck served Johnsen with a notice of motion and motion to compel answers to interrogatories. Holmbeck also received a notice from the Hennepin County district court indicating a court file number had been assigned to the file. Johnsen denies receiving a similar notice. The motion was eventually stricken upon substantial compliance.

During 1984 and 1985 Johnsen continued with discovery and in October, amended his complaint against Holmbeck to add failing to procure underinsured motorist coverage and asserted a claim against West Bend Mutual Insurance Company, who issued the insurance. In May 1986, Johnsen served Holmbeck with interrogatories and at some time, Johnsen's deposition was taken.

On July 1, 1986, Hennepin County dismissed this case with prejudice pursuant to Minn.R.Civ.P. 41.02 and the special order of Chief Judge Fitzgerald, dated April 10, 1985. The special order required cases filed prior to July 1, 1985, be dismissed unless a note of issue/certificate of readiness had been filed or a continuance requested by July 1, 1986. On or about July 15, 1986, Johnsen received a letter indicating that Holmbeck had filed its pleadings back in December of 1983. According to Johnsen this was his first notice that the case had been filed. Johnsen moved to vacate the judgment and that motion was denied August 4, 1986. Johnsen brought a motion to vacate the dismissal with regard to West Bend because West Bend was added to the case after July 1, 1985. The court denied this motion because Rule 15.-03 provides an amended complaint relates back to the date of the original filing and so the addition of West Bend fell within the scope of the special order. Johnsen appeals from the judgment.

## ISSUE

Did the trial court abuse its discretion in denying the motion to vacate the order dismissing the action on the grounds of excusable attorney neglect.

## ANALYSIS

A dismissal under Rule 41.02(1) is an exercise of the court's discretionary authority. The record is viewed in the light most favorable to the trial court's order and the dismissal will be sustained on appeal absent a clear showing of abuse of discretion. *Zuleski v. Pipella*, 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976). The decision to dismiss

depends upon the circumstances peculiar to each case, justice and equity to each party, and considered "with reference to 'just, speedy, and inexpensive' disposition of the case * * *."

*Id.* at 586–87, 245 N.W.2d at 587.

The primary factor to be considered in dismissing is "the prejudicial effect of the order upon the parties to the action." *Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). The court in *Firoved* emphasized that the policy of seeking to dispose of cases on the merits rather than procedural grounds is of overriding importance, except in extraordinary circumstances. *Id.*

The prejudice to Johnsen is obvious. A dismissal with prejudice permanently bars his claim. The respondents, on the other hand, have indicated no particular prejudice which will result if the dismissal is vacated. Although some prejudice is inherent in any delay, *Vrooman Floor Covering Inc. v. Dorsey*, 267 Minn. 318, 320, 126 N.W.2d 377, 378 (1964), there has been no showing of substantial prejudice. They will, of course, have to go to trial on the merits and defend themselves. But, "[p]rejudice must be more than the ordinary expense and inconvenience of trial preparation."

*Belton v. City of Minneapolis,* 393 N.W.2d 244, 246 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Nov. 19, 1986). We are convinced that respondents will suffer no additional prejudice if the dismissal is vacated and the case reopened. *See Finden v. Klaas,* 268 Minn. 268, 272, 128 N.W.2d 748, 751 (1964).

Johnsen argues that he should be relieved from the judgment on the basis of excusable neglect under Minn.R.Civ.P. 60.-02. A party may be relieved of a final judgment for "[m]istake, inadvertance, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02. The party seeking to set aside the judgment must show a defense or claim on the merits, a reasonable excuse for its failure to act, that it acted quickly after notice of entry of judgment, and that the opponent will suffer no substantial prejudice. *Finden,* 268 Minn. at 271, 128 N.W.2d at 750. The Rule 60.02 relief is not limited to default judgments but also applies when a party seeks to vacate a dismissal on the grounds of excusable neglect. *See Sand v. School Service Employees Union, Local 284,* 402 N.W.2d 183, 186 (Minn.Ct.App. 1987), *pet. for rev. denied,* (Minn. Apr. 29, 1987). The right to relief from a judgment is not absolute and absent a clear abuse of discretion the trial court's decision will be upheld. *Howard v. Frondell,* 387 N.W.2d 205, 207–08 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. July 31, 1986).

Johnsen's affidavit in support of his motion to vacate is sufficient to establish a reasonable claim on the merits of his case. As indicated above, we find no additional prejudice to respondents if the case is reinstated.

Johnsen's attorney indicated he had no knowledge that the case file had been opened through respondent's filing of motion papers, and therefore assumed the special rule did not apply. This conduct does not rise to the level where it cannot be excused.

As soon as Johnsen realized that his case had been dismissed he moved to vacate.

We find that Johnsen acted with due diligence after receiving notice of dismissal.

[I]t is a cardinal rule that, in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect * * *.

*Finden,* 268 Minn. at 271, 128 N.W.2d at 750.

## DECISION

We find the trial court abused its discretion in refusing to vacate the dismissal. We do not reach any of the constitutional issues raised by Johnsen.

Reversed and remanded for trial.