Alice M. HALTER, et al., Appellants,

v.

BOARD OF REGENTS OF the UNIVERSITY OF MINNESOTA, et al., Respondents.

No. C0–86–2229.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Donna Rae Johnson, St. Paul, for appellants.

J. Richard Bland, Minneapolis, for respondents.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions the trial court's dismissal with prejudice of appellants' suit, pursuant to the April 1985 order of the chief judge of the Fourth Judicial District. We reverse and remand for further trial proceedings.

## FACTS

This is a medical malpractice action arising out of surgery on appellant Alice Halter on May 17, 1982. Halter was diagnosed with cancer of the cervix in April 1982. A radical hysterectomy was performed on May 17, 1982 by defendant Leon Adcock. At the close of this procedure two drainage tubes were placed in Halter's lower abdomen. Dr. Adcock maintains that the tubes were sutured to the skin; appellants contend they were improperly sutured internally. Approximately one week later, while defendant Dr. Jill Rusterholz was attempting to remove the tubes, one broke and slid back into Halter's abdomen. Two attempts to locate and remove this tube have been unsuccessful. Dr. Adcock is of the opinion that the tube's presence poses

no health risk to Halter and causes her no physical discomfort. Halter and her husband, appellant Larry Halter, claim Halter does suffer physical discomfort from the tube's presence. The parties also dispute whether the risks of the procedure were fully disclosed and whether pain and numbness in Halter's foot is a result of the initial operation.

In April 1984, appellants retained an attorney. In May 1984, appellants' attorney served and filed a summons and complaint against the University of Minnesota, Adcock, Rusterholz, and the company that manufactured the drainage tubes, American V. Mueller. The attorney filed the complaint promptly after she received the case because the statute of limitations was about to run. The attorney had no opportunity to fully investigate the case prior to filing. In fact, the investigation and settlement negotiations occurred simultaneously after the complaint was filed. In March 1986, appellants reached a settlement with defendants University of Minnesota and Dr. Jill Rusterholz.

On July 10, 1986, counsel for defendant American V. Mueller notified the trial court of appellants' failure to file a certificate of readiness, and requested an order of dismissal with prejudice, pursuant to the April 10, 1985 order issued by the chief judge of the Fourth Judicial District. That order provides that all cases filed before July 1, 1985, must be either certified ready for trial or continued before July 1, 1986, or they would be dismissed. Order (April 10, 1985), Special Rules of Practice, Fourth Judicial District, *reprinted in Minnesota Rules of Court* 500 (1987). On September 10, 1986, the trial court ordered the case dismissed pursuant to the chief judge's April 10 order. Another trial court judge heard appellant's motion to vacate the dismissal. Prior to the hearing on the motion, appellants entered into a stipulation of dismissal with American V. Mueller. Thus, at the time of the hearing, Adcock was the only remaining defendant.

On September 24, 1986, the trial court denied appellant's motion to vacate the dismissal and ordered entry of judgment of dismissal with prejudice. On October 7, 1986, this judgment was entered. Alice and Larry Halter appeal from the judgment.

## ISSUES

Did the trial court err in refusing to vacate the dismissal and entering judgment of dismissal?

## ANALYSIS

Prior opinions of this court have indicated three questions regarding the lawfulness of dismissals under the April 1985 order.

■ 1. Most of the decisions of this court have applied a Rule 60.02 analysis in reviewing the trial court's denial of a motion to vacate the dismissal. *See, e.g., Charson v. Temple Israel*, 405 N.W.2d 895, 897 (Minn.Ct.App.1987) (Rule 60.02 relief is not limited to default judgments and "the same four-part test applies where a plaintiff seeks to vacate the dismissal of an action on the grounds of excusable neglect"), *pet. for rev. granted*, (Minn. July 15, 1987); *Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. April 29, 1987). Under Rule 60.02, a court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Minn.R.Civ.P. 60.02(1) and (6). A party seeking to vacate a judgment on these grounds must show (1) a reasonable claim on the merits, (2) a reasonable excuse for the neglect, (3) due diligence after notice of entry of judgment, and (4) that no substantial prejudice will result to the opponent. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952).

Some of the decisions have reversed the trial court's dismissal of the action based on the finding that there was no attorney neglect, or that the attorney's neglect was excusable. *See, e.g., Rose v. Neubauer*, 407 N.W.2d 727 (Minn.Ct.App.1987); *Sand*, 402 N.W.2d at 186–87.

Other decisions have reversed the trial court's dismissal of the action, holding that although the attorney may have been neglectful in not complying with the rule, the party should not be charged with their attorney's neglect under the facts of the individual case. *See, e.g., Lund v. Pan American Machines Sales*, 405 N.W.2d 550, 553–54 (Minn.Ct.App.1987).

Even if there was inexcusable neglect on the part of both the attorney and the party, some of the dismissals have been reversed under the rule that a strong showing on three factors will compensate for a weak showing on excusable neglect. *See, e.g., Armstrong v. Heckman*, 409 N.W.2d 27 (Minn.Ct.App.1987).

Because this panel of the court finds that reversal is mandated here for another reason, we do not complete an analysis of the case on the Rule 60.02 issues.

2. Most of the cases, including this one, have arisen on appeal from a judgment entered upon denial of a motion to vacate the order of dismissal, and dismissing the case with prejudice. Therefore, the judgment of dismissal is before the court of appeals and the cases are subject to review under a Rule 41.02 analysis. *See Berks v. Fine*, 409 N.W.2d 76 (Minn.Ct.App.1987); *Johnsen v. Holmbeck and Associates, Inc.*, 408 N.W.2d 919 (Minn.Ct.App. 1987).

■ The court may on its own motion, or upon motion of a party, dismiss an action or claim for (1) "failure to prosecute," or (2) failure "to comply with these rules or any order of the court." Minn.R.Civ.P. 41.02(1). Use of Rule 41.02 is within the sound discretion of the trial court and a reviewing court will reverse only where there has been an abuse of discretion. *Bonhiver v. Fugelso, Porter, Simich & Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn.1984).

The April 1985 order provides for automatic dismissal of cases filed prior to July 1, 1985, that are not certified ready for trial prior to July 1, 1986. Most of the orders

reviewed on appeal, like the order here, indicate no showing or claim of failure to prosecute, only failure to comply with an order of the court. Dismissing these cases on the latter ground is misleading because the object of the April 1985 order is the same as the purpose for dismissing cases for failure to prosecute; to clear the court docket of old, inactive cases that affect the fair and efficient disposition of other cases.

The Minnesota Supreme Court has developed specific guidelines to be applied by trial courts in the exercise of their discretionary authority to dismiss cases for failure to prosecute. Dismissal with prejudice for this cause is appropriate *"only when* (1) the delay prejudiced the defendants; *and* (2) the delay was unreasonable and inexcusable." *Id.* at 144 (emphasis in original). These strict standards are justified by the policy to dispose of cases on their merits. *Id.*

■ In this case, respondent failed to make any showing on the prejudice factor.[1] The record lacks any indication that the trial court considered this factor in reaching its decision. In his affidavit supporting the motion, respondent's attorney failed to discuss any prejudice that was caused by the delay. Similarly, the trial court failed to state any prejudicial effect in its memorandum. We find no evidence of prejudice to the defendant that would support the trial court's decision to dismiss with prejudice.

3. Appellants have frequently alleged that the Fourth Judicial District order fails to provide the notice required by Rule 41.02 and the notice required by the guarantee of due process. The trial court dismissed this case without notice preceding the action, putting on the plaintiffs the burden to seek relief from the order. On appeal, Halter makes both these claims. Previous decisions have found it unnecessary to address these claims because the court reversed and remanded under Minn.R.Civ.P. 60.02. *See, e.g., Lund*, 405 N.W.2d at 552. Here, also, because this panel of the court finds cause for reversal on other grounds, we

---

1. At the hearing, respondent argued only that appellants failed to show a likelihood of success on the merits because appellants had no expert testimony.

elect against further analysis of these claims.

4. Appellants allege dismissal of this action under the 1985 order violates their right to equal protection of the laws. Cases automatically dismissed in Hennepin County under its permanent rule are dismissed without prejudice, but all dismissals under the temporary 1985 order are with prejudice. *See* Fourth Judicial District Special Rule 4.03 (1986). In addition, litigants in other counties of Minnesota are not subjected to similar automatic dismissal of their cases with prejudice. We do not decide appellants' equal protection claim because we reverse and remand the case on other grounds.

### DECISION

The judgment dismissing the action with prejudice and denying appellants' motion to vacate the dismissal is reversed, and the case is remanded for further trial proceedings.

Reversed and remanded.