**STATE of Minnesota, Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
**Respondent.**

**No. C5–88–1503.**

Court of Appeals of Minnesota.

Jan. 3, 1989.

Review Denied March 17, 1989.

Charles N. Nauen, Opperman & Paquin, Minneapolis, for appellant.

Michael B. Chase, Schway & Chase, St. Paul, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant seeks relief from a judgment to dismiss with prejudice for want of prosecution. Appellant argues that the delay did not prejudice the defendant, the delay was reasonable and excusable, and that the trial court thus erred. Appellant's excuse for a seven and one-half year delay was not sufficient.

## FACTS

St. Paul Fire and Marine Insurance Company (St. Paul) is a fire and casualty insurer. St. Paul issues drafts in satisfaction of claims and claims-related expense reimbursements pursuant to its obligations to those it insures. A number of these claims and expense drafts remain unpresented for more than one year, at which time St. Paul reverses such drafts on its books of account.

The Minnesota Uniform Disposition of Unclaimed Property Act (U.P.A.) provides that every person holding funds or other property, tangible or intangible, remaining unclaimed by its owner for more than five years is presumed abandoned. Minn.Stat. § 345.31 (1986). The U.P.A. requires every "business association" holding property presumed abandoned by the U.P.A. to report and deliver such property to the Commissioner of Commerce (Minn.Stat. § 345.41 and § 345.43, subd. 1 (1986).

In 1978, the State of Minnesota (State) initiated a statutory examination of St. Paul's records to determine compliance with the U.P.A. regulations. According to the State, the audit revealed that St. Paul had failed to report more than $900,000 in claims and expense drafts and more than $4,000 in checks that had remained unpresented for more than five years. In accordance with the results of its examination, the State demanded payment of the amounts represented by those checks and drafts. St. Paul remitted the amount demanded by the State for uncashed checks, but refused to pay any amounts represented by claims and expense drafts, claiming that there was no legal basis under the U.P.A. to demand remittal of these funds. St. Paul alleged that the claim drafts were not subject to the U.P.A. because claim drafts are offers of settlement of unliquidated claims which never become the "property" of the insured until the offer is accepted by cashing the draft and the consideration for the draft is provided through a release of claims.

The State brought suit against St. Paul in August of 1981. St. Paul interposed an answer to the complaint. The State served interrogatories and a document request and St. Paul responded thereto in December of 1981. The State claims it initiated settlement negotiations with St. Paul in 1982. The State did not take any action to prosecute the case until April of 1988 when it moved for partial summary judgment. St. Paul moved for summary judgment and also to dismiss with prejudice for failure to prosecute. The court granted St. Paul's motion to dismiss with prejudice.

## ISSUE

Did the trial court err in granting respondent's motion to dismiss with prejudice for failure to prosecute?

## ANALYSIS

Trial courts may dismiss an action for failure to prosecute. Minn.R.Civ.P. 41.-02(1) provides:

(1) The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

"Use of the Rule 41.02(1) is infrequent and is within the sound discretion of the trial court." *Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn.1984). A dismissal under Rule 41.02(1) is an exercise of discretionary authority which will be sustained on appeal absent a showing of clear abuse when the record is reviewed in the light most favorable to the trial court's order. *Zuleski v. Pipella*, 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976). In review on appeal from the district court, this court conducts a de novo determination of the district court's application of established standards of law. *Moore v. Sordahl*, 389 N.W.2d 748, 749 (Minn.Ct.App.1986).

A motion to dismiss for failure to prosecute brings two seemingly contradictory public policies into play. One of the objectives of the law is to dispose of a case on its merits. *Firoved v. General Motors Corporation*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). At the same time, competing public policy requires dismissal where there is a failure to diligently prosecute. Trial courts have discretion to dismiss suits where reasonable diligence has not been exercised. *DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501, 504 (Minn.1977). In order to resolve the conflict of these two policies, the supreme court established specific guidelines for trial courts to follow when dismissing for failure to prosecute: (1) the delay must have prejudiced the adverse party; and (2) the delay must have been unreasonable and inexcusable. *Scherer v. Hanson*, 270 N.W.2d 23, 24 (Minn.1978).

(1) Did the delay prejudice the defendants?

The State claims that St. Paul's allegations of witness unavailability are insufficient to establish prejudice. St. Paul's affidavit claims "Key Witnesses have retired, and those who are still around have suffered erosion of memory." The State

points out that the court did not require St. Paul to identify a single witness or require any explanation of the relevance of a missing witness.

The State claims St. Paul did not present specific evidence to show that it suffered prejudice from the State's delay in seeking a judicial resolution of this case. However, this court has said, that after many years of unnecessary delay, "the need to search for identifiable and concrete examples of prejudice diminishes." *Belton v. City of Minneapolis*, 393 N.W.2d 244, 246 (Minn. Ct.Ap.1986). Based on these affidavits the trial court concluded that St. Paul had established sufficient prejudice. Under the facts we cannot say that an abuse of discretion was shown regarding the trial court's finding of prejudice in this case.

(2) Was the delay unreasonable and inexcusable?

■ Prior to service of the motion leading to dismissal of this case, the entire court file consisted of a summons and complaint, answer, document request, and interrogatories to which St. Paul responded before the end of 1981. From the end of 1981 until the spring of 1988, the record reflects no effort to pursue this litigation. No additional discovery procedures were employed. No depositions were taken. No motions were filed. No note of issue was filed. For almost seven years, the case was dormant.

■ The State claims it engaged in repeated negotiations with St. Paul in an attempt to resolve this matter without further litigation. It points to the record of settlement efforts summarized in appellant's counsel's brief. This written summary of negotiations was not a part of the trial court record and therefore cannot be included in the record for this court's review. *Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn. 1982).

In the case of *Kielsa v. St. John's Lutheran Hospital Association*, 287 Minn. 187, 193, 177 N.W.2d 420, 424 (Minn.1970), the supreme court stated it was necessary that

the trial court * * * enforce the rules designed to * * * keep dockets free of stale claims, the trial of which is fraught with unusual difficulties of proof and not infrequently produces unacceptable results to both the losing and prevailing party as well as public dissatisfaction with our system of justice.

The supreme court has said "defendants are entitled to the weight of the policy which seeks to prevent unreasonable delays even in the absence of a showing of particular prejudice." *Firoved v. General Motors Corporation*, 152 N.W.2d at 369.

Minnesota Rule of Civil Procedure 41.-02(1) permits the district court to dismiss an action for failure to prosecute. A dismissal under Rule 41.02(1) is an exercise of discretionary authority which will be sustained on appeal absent a showing of clear abuse when the record is viewed in the light most favorable to the trial court's order. *Reichert v. Union Fidelity Life Ins. Co.*, 360 N.W.2d 664, 667 (Minn.App. 1985). We cannot say there was a showing of clear abuse by the trial court.

While it may be true that the evidence St. Paul presented to show prejudice could have been more specific, the delay in prosecution of this case was great. The delay cannot be explained away by reference to unsupported settlement negotiations.

## DECISION

The trial court properly granted respondent's motion to dismiss with prejudice for want of prosecution.

**AFFIRMED.**