# SOUTHERN MINNESOTA INVESTMENT & LOAN COMPANY v. BRITANNIA J. LIVINGSTON and Others.[1]

May 10, 1912.

Nos. 17,566—(48).

**Vacating default — review of trial court's discretion.**

> Where an application to open a default is denied by the trial court, such action will not be disturbed on appeal, unless the record discloses an abuse of discretion in passing upon, not only the excuse for the default, but also upon the good faith and merit in the claim sought to be asserted by the applicant.

**Same.**

> The record examined, and held not to show reversible error.

Appeal by Southern Minnesota Investment & Loan Co. from the judgment of the district court for Martin county, entered pursuant to the order of Quinn, J., affirming an order of the probate court of that county, Goetz, J., and denying appellant's application to open a default and permit it to file objections to the last will and testament of William R. Livingston, deceased. Affirmed.

*Dunn & Carlson* and *De Forrest Ward,* for appellant.

*Dean & Palmer,* for respondent.

HOLT, J.

The appeal is from a judgment of the district court, affirming an order of the probate court, denying the appellant's application to open a default and permit it to file objections to the probate of the last will and testament of William R. Livingston, deceased, and contest the allowance thereof.

On December 9, 1909, William R. Livingston, for many years a resident of Martin county, Minnesota, died supposedly intestate, and on that assumption proceedings were instituted in the probate

[1] Reported in 136 N. W. 8.

court to administrate the estate; but before distribution a will, dated November 1, 1899, was found. A son, one of the legatees, at once petitioned the probate court of the county for the allowance and probate of the will, and due notice for the hearing thereon was given for December 31, 1910, at ten o'clock a. m. The will gave the widow nothing in addition to the provision made by statute, What remained after she had received her share went to five children in equal shares. One child, Roy R. Livingston, received nothing; the will stating: "Roy R. Livingston having already received more than twice as much from me as any of the aforesaid children will from my estate, I hereby declare it to be my intention to make no provision for him herein."

On December 7, 1910, the appellant, the Southern Minnesota Investment & Loan Company, obtained a judgment against Roy R. Livingston for $4,752.84 in the district court of Crow Wing county, Minnesota, and on the tenth of the same month a transcript thereof was duly docketed in said Martin county, where was the real estate of the deceased. The judgment is unpaid, and Roy R. Livingston insolvent.

On December 20, 1910, appellant's attorney examined the will in the probate court, and on December 30, informed the judge thereof that as such attorney he would file objections to the probate of the same and contest its allowance. He claims that because of lack of a stenographer he was unable to get his objections in proper shape for filing in time, and that at 9:45 of December 31 he requested the probate judge, by telephone, to permit the objections to be filed as of that moment, but let the attorney retain them a few minutes to look over and make some corrections therein; the judge replying that would be all right. The probate judge substantially admits the telephone communication, but says the attorney asked him if Vick Livingston (the proponent of the will) was in probate court, that he wished to see him, and, further, he said:

" 'You know that I am going to file an objection to the proving of the will of William R. Livingston, but as I have no stenographer, and had to write it out, but have it already for filing, as now, or filing

now' (which I did not fully understand) ; 'but,' he said 'I only want to read it over and bring it up in a few minutes.' And I said, 'All right.'" The attorney presented the objections to the court for filing at ten minutes after the time set. When so presented, the proponent, his attorney, and the only surviving witness to the execution of the will were still in the probate court and the formal proof of the will was not signed by the witness. The attorney for proponent objected to the proposed objection of appellant as not being filed in time, and although it appears that tentatively a day was set for the continued hearing of the probate of the will, the court subsequently sustained proponent's objection. Thereupon the motion now under review to open the default was made and denied.

The order appealed from being a discretionary order, this court may only determine whether the record shows the ruling to be an abuse of discretion. Technically the appellant did not comply with the statute, which gives a person the right to contest the probate of a will only upon condition that written objections are filed in court "before the time appointed for proving the will," and therefore it was in default. The reason given by the attorney for not being able to have the simple and short objections he had to the will ready for filing within the appointed time may well be held to have been a makeshift. The court, however, had the right to open the default if any merit appeared in the proposed contest, and, if appellant had presented a meritorious contest, a denial to set aside a default taken under the circumstances of this case would, without doubt, be an abuse of discretion. Courts ought to be ever ready to give a claim asserted in good faith a hearing on the merits, and to that end the excusable neglect of an attorney should not be given too strict or narrow a meaning, thereby depriving the client of his day in court.

But where a default has been declared, and the court is asked to remove it, the prevailing practice is to require a party to show merit in the claim asserted or defense interposed. The will sought to be contested was made many years before. On its face it is clear and lucid. The reason therein stated for excluding the son, Roy R. Livingston, if true, is just and equitable. Appellant does not

deny that the will was duly executed by William R. Livingston. The assertion is simply that the testator was not of sound mind, had at times been confined in an insane asylum, and entertained insane delusions as to the son Roy. The only evidence to support these contentions is the affidavit of the attorney for appellant, with no showing that this son had not, as stated in the will, received more than twice what any other child would get. Not only the evidence of sanity in the will itself, but the testimony of the attesting witness that the testator was of sound and disposing mind when the will was made, was before the court. Both the probate and district judge undoubtedly know the attorneys practising in their courts, and are in a better position to estimate the true worth of their affidavits than we are. That no abuse of discretion in the refusal to set aside the default is made to appear is the conclusion of all the members of the court, except the writer, who is of the opinion that, on the statement of the probate judge as to what occurred between him and appellant's attorney, the ruling declaring a default was so arbitrary and indefensible that it should be set aside without hesitancy upon the application made.

The judgment is affirmed.