John A. ROSE, Appellant,

v.

Gregory NEUBAUER, James G. Miller, et al., Defendants and Third Party Plaintiffs, Respondents,

Joanne Elizabeth Johnson, Third Party Defendant.

No. C2–86–2197.

Court of Appeals of Minnesota.

June 23, 1987.

Review Denied Aug. 19, 1987.

Philip K. Jacobson, Kelly & Jacobson, Minneapolis, for appellant.

Bruce D. Elliott, Cousineau, McGuire, Shaughnessy and Anderson, Minneapolis, for Gregory Neubauer, defendant, and third party plaintiff.

Mark M. Suby, Hansen, Dordell, Bradt, Odlaug and Bradt, St. Paul, for James G. Miller, et al., defendant and third party plaintiff.

Heard, considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

John Rose appeals from a judgment entered after his case was dismissed with prejudice pursuant to Minn.R.Civ.P. 41.02. We reverse and remand for trial.

## FACTS

In July 1984 Rose sued the drivers of two vehicles for injuries received in an accident on February 14, 1984.

On March 27, 1985, Rose's attorney's newly hired paralegal filed Rose's complaint and interrogatories without the attorney's knowledge. On April 10, 1985, the Hennepin County chief judge issued an order requiring that all cases filed before July 1, 1985, must be certified ready for trial or continued before July 1, 1986, or they would be dismissed. Order (April 10, 1985), *reprinted in Minnesota Rules of Court* p. 500 (1987). No Note of Issue was filed or motion for continuance was made for this case by July 1, 1986. The case was dismissed on September 29, 1986. The trial court denied Rose's Rule 60.02 motion for vacation of the dismissal based on excusable attorney neglect.

## ISSUE

Did the trial court err by denying appellant's Rule 60.02 motion to vacate the dismissal of his case, which was premised on excusable attorney neglect?

## ANALYSIS

A judgment resulting from an attorney's neglect may be reopened under Minn.R. Civ.P. 60.02 when the party seeking to reopen shows he has: (1) a reasonable case on the merits; (2) a reasonable excuse for his neglect; (3) acted with due diligence after notice of entry of judgment; and (4) not substantially prejudiced the other party. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952).

Whether a judgment should be reopened under Rule 60.02 "is a matter largely within the discretion of the trial court, and that court's decision will not be reversed unless such discretion is abused." *See Hill v. Tischer*, 385 N.W.2d 329, 331 (Minn.Ct.App. 1986) (*quoting Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973)). A dismissal may be set aside where "it is established that the dismissal was improvidently made and in equity and good conscience should not be allowed to stand." *Butkovich v. O'Leary*, 303 Minn. 535, 536, 225 N.W.2d 847, 848 (Minn.1975).

In this case the trial court abused its discretion by refusing to vacate the dismissal of Rose's case. The interrogatories and accompanying medical bills and reports and police report establish a triable cause of action.

Rose's attorney's newly hired paralegal filed the summons and complaint without his knowledge. The attorney received no notice from the court that a file had been opened or a docket number assigned. Rose's attorney is an officer of the court and, absent contrary evidence, we accept his statement that he was unaware of the filing. Such error should not result in the dismissal of a meritorious claim.

When judgment of dismissal was served on Rose, he filed his motion to vacate.

Rose acted with due diligence. *Hill,* 385 N.W.2d at 332. There is no showing that any delay by Rose to pursue a collateral uninsured motorist claim has prejudiced any other parties. We are persuaded respondents will suffer no additional prejudice if the dismissal is vacated and the case reopened. *See Finden v. Klaas,* 268 Minn. 268, 272, 128 N.W.2d 748, 751 (1964).

Moreover, where a party has met the four part test of *Hinz:*

> it is a cardinal rule that, in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the courts should relieve [parties] from the consequences of their attorney's neglect * * *.

*Finden,* 268 Minn. at 271, 128 N.W.2d at 750.

## DECISION

The trial court erred by refusing to vacate the judgment of dismissal when appellant demonstrated excusable attorney neglect.

Reversed and Remanded for trial.