**Byron H. ARMSTRONG, Appellant,**

v.

**Joseph HECKMAN, Respondent.**

**No. C6–87–429.**

Court of Appeals of Minnesota.

July 14, 1987.

Review Denied Sept. 18, 1987.

Michael B. Bloom, Daniel B. O'Leary, Mansur, O'Leary & Gabriel, St. Paul, for appellant.

Thomas D. Jensen, Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and MULLALLY *, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment dismissing appellant's personal injury claim and an order denying a motion to vacate that dismissal. Appellant claims the trial court abused its discretion because (1) vacation of the dismissal is justified by excusable neglect, and (2) the initial order dismissing his action violated his constitutional rights of due process and equal protection. We reverse.

## FACTS

In December 1984, appellant Byron Armstrong sued respondent Joseph Heckman for personal injuries arising from a December 1978 automobile accident. In January 1985, appellant filed his summons and complaint with the Hennepin County District Court. The following February appellant granted respondent an indefinite extension of time to answer appellant's complaint.

On April 10, 1985, Chief Judge Patrick Fitzgerald issued an order initiating new procedures designed to implement a block assignment system for civil cases in Hennepin County. The order, referenced in Special Rules of Practice, Fourth Judicial District Rule 4.03, provides in part:

Cases filed with the Court prior to July 1, 1985, but not certified ready for trial, will be activated effective July 1, 1985, for the purposes of the initial filing date. All cases activated on this date will be dismissed on July 1, 1986, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued

prior to the expiration of 12 months, under Rule 41.02, Rules of Civil Procedure.[1] Order of April 10, 1985, *reprinted in Minnesota Rules of Court* 500 (1987).

Appellant's attorneys, a law firm consisting of six lawyers, first became aware of the April 10, 1985 order in mid-June 1986. Although the firm's entire staff then commenced an office-wide search for files affected by the order and complied with the order in other cases, appellant's counsel inadvertently missed this case.

On October 28, 1986, respondent's attorney confirmed by letter the continuing indefinite extension of time to answer appellant's complaint. On November 3, 1986, appellant's counsel learned, however, the action had been dismissed the previous July pursuant to the April 10, 1985 order. No notice was received from the court indicating this case was subject to dismissal, nor was notice received of the dismissal itself. Respondent was not aware of the case's procedural posture until notified by appellant's attorney.

On November 14, 1986, appellant moved to vacate the dismissal. At the hearing, appellant mentioned the dismissal's alleged violations of his constitutional rights, but primarily argued the dismissal should be vacated on the grounds of excusable neglect. The trial court summarized appellant's reasons supporting excusable neglect as: (1) difficulty obtaining information regarding the accident, (2) not receiving notice the case was subject to dismissal, and (3) inadvertently missing the case when searching for cases subject to the order.

The trial court denied appellant's motion to vacate the dismissal, stating:

This Court finds that [appellant] could have requested a continuance if he needed more time to gather information and documents regarding his claim. In addition, the Court finds that the widely published April 10, 1985, order served as notice that cases filed prior to July 1, 1985, were subject to dismissal and that

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 1.

1. Rule 41.02 provides:
   The court may on its own motion, or upon motion of a party, and upon such notice as it

may prescribe, *dismiss* an action or claim *for failure* to prosecute or *to comply with* these rules or *any order of the court.*
Minn.R.Civ.P. 41.02 (emphasis added).

inadvertently missing this case does not warrant vacating the dismissal.

This appeal followed.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to vacate dismissal of his action on grounds of excusable neglect?

## ANALYSIS

1. A court may relieve a party from a final judgment for "excusable neglect." Minn.R.Civ.P. 60.02(1); *see Sand v. School Service Employees Union, Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. Apr. 29, 1987) (rule 60.02 relief applies to dismissals under Fourth Judicial District special rule of practice requiring dismissal of cases not continued or certified ready for trial by deadline). The right to be relieved of a judgment is not absolute. *Howard v. Frondell*, 387 N.W.2d 205, 207 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. July 31, 1986). Absent a clear abuse of discretion, a trial court's decision will be upheld. *Id.* at 207–08.

2. Under basic agency principles, an attorney's neglect is chargeable to the party. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964).

However, it is a cardinal rule that, in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a [party] from the consequences of his attorney's neglect in those cases where [a party]—

" * * * (a) is possessed of a reasonable [claim] on the merits, (b) has a reasonable excuse for his failure or neglect to [act], (c) has acted with due diligence after notice of the entry of judgment, and (d) [shows] that no substantial prejudice will result to the other party."

*Id.* (quoting *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952)) (footnote omitted). "[T]he relative weakness of one factor should be balanced against the strong showing on the other three factors." *Guillaume & Associates, Inc. v. Don-John Co.*, 371 N.W.2d

15, 19 (Minn.Ct.App.1985). Appellant claims, and we agree, the trial court improperly focused only on the factor regarding reasonableness of his excuse and failed to address the remaining factors.

3. *Reasonable Claim on the Merits.* In the affidavit submitted in support of the motion to vacate the dismissal, appellant's attorney did not directly address the merits of appellant's claim. The only information of record that speaks to the merits of appellant's claim is the complaint. There appellant recites facts regarding the automobile accident and his injuries and damages sustained as a result of the accident, and names respondent as tortfeasor.

At a minimum, the complaint alleges facts to allow the trier of fact to determine whether appellant's injuries were due to respondent's negligence. We conclude appellant has satisfied the requirement of showing a reasonable claim on the merits. *Compare Charson v. Temple Israel*, 405 N.W.2d 895 (Minn.Ct.App.1987) (insufficient showing of meritorious claim when complaint contains only bare allegations and recites no facts as to how claims occurred).

4. *Reasonable Excuse for Neglect.* Appellant claims the sole reason he failed to timely file a certificate of readiness or request an extension is because appellant's counsel missed the file in its search for those cases affected by the April 10, 1985 order. Although appellant's attorney claims he did not receive notice this particular case was subject to dismissal, he does not claim he was unaware of the order.

We agree with the trial court appellant's excuse for attorney neglect is weak, but recognize it may be offset by a strong showing of the other three factors. *Guillaume & Associates, Inc.*, 371 N.W.2d at 19.

5. *Due Diligence.* Appellant's counsel discovered the case had been dismissed on November 3, 1986, and brought a motion to vacate on November 14, 1986. We conclude this factor is satisfied. *See Lund v. Pan American Machines Sales*, 405 N.W.2d 550 (Minn.Ct.App.1987) (due diligence element satisfied when motion to vacate dismissal was brought within weeks after counsel discovered dismissal).

6. *Substantial Prejudice.* We agree with appellant that respondent is not substantially prejudiced by a vacation of the dismissal, particularly in light of respondent's October 28, 1986 letter confirming the indefinite extension he requested to answer appellant's complaint.

Appellant has thus shown no substantial prejudice to respondent, due diligence in acting after discovery of the dismissal, and a reasonable claim on the merits. These demonstrated factors offset the relative weakness of his excuse for attorney neglect and entitle him to relief for excusable neglect under Minn.R.Civ.P. 60.02. We therefore hold the trial court erred in denying appellant's motion to vacate the dismissal. In so holding, we find it unnecessary to reach appellant's constitutional claims.

## DECISION

Appellant has sufficiently demonstrated he is entitled to relief from dismissal of his action on the grounds of excusable neglect.

Reversed.