**Frances PETERSON, as Trustee for the Heirs of Hazel D. LaDu, Appellant,**

v.

**TEXAS TERRACE CONVALESCENT CENTER, Respondent.**

**No. C6–87–57.**

Court of Appeals of Minnesota.

July 21, 1987.

Patrick V. Johnson, Minneapolis, for appellant.

Sally J. Ferguson, Minnetonka, for respondent.

Heard, considered, and decided by FOLEY, P.J., and FORSBERG and STONE *, JJ.

## OPINION

FOLEY, Judge.

Frances Peterson, as trustee for the heirs of Hazel D. LaDu, appeals from the

judgment entered after her case was dismissed with prejudice. We reverse and vacate the judgment of dismissal.

## FACTS

On May 13, 1985, appellant Frances Peterson was appointed trustee for the heirs of Hazel LaDu to commence an action against respondent Texas Terrace Convalescent Center for breach of contract, negligence, wrongful death, and medical malpractice. The complaint, a copy of which was filed along with the petition for appointment of trustee, sought damages arising from the death of Hazel LaDu, who was a patient at Texas Terrace from 1983 until her death in early 1985.

Following service of the pleadings, the parties proceeded with discovery, and by December 1985 there was some discussion of settlement. Between January 1986 and July 1986, letters pertaining to the scheduling of depositions for six employees of Texas Terrace were exchanged. In early July 1986, the attorney for Texas Terrace informed Peterson's counsel that he was withdrawing from the case.

Without notice to either party, the case was dismissed with prejudice on July 2, 1986 pursuant to an April 10, 1985 order issued by the chief judge of Hennepin County. The April 10 order required dismissal of all cases filed before July 1, 1985 which had not been certified ready for trial or continued before July 1, 1986. Order (April 10, 1985), Special Rules of Practice, Fourth Judicial District, *reprinted in Minnesota Rules of Court* p. 500 (1987).

When Peterson's counsel discovered that the case had been dismissed, he moved for relief and argued that the complaint should be reinstated under Minn.R.Civ.P. 60.02. The motion was denied based on inexcusable neglect. This appeal followed entry of judgment.

## ISSUE

Did the district court abuse its discretion in refusing to vacate dismissal of this action?

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

Appeals from dismissals under the "new Hennepin County District Court case-management system" have been analyzed by this court pursuant to Minn.R.Civ.P. 60.02. *Sand v. School Service Employees Union Local 284*, 402 N.W.2d 183, 186 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. Apr. 29, 1987).

■ Under rule 60.02, a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise or excusable neglect" or "any other reason justifying relief from the operation of the judgment." *Id.* A party seeking such relief must show that it has a reasonable claim or defense on the merits, that it has acted with due diligence after notice of entry of judgment, that no substantial prejudice will result to the opponent, and that it has a reasonable excuse for its failure or neglect to act. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964).

■ In this case, the only real dispute involves whether Peterson has shown excusable neglect: her complaint presents a meritorious claim, her attorney acted promptly after discovering that the case had been dismissed, and no substantial prejudice will result to Texas Terrace if the dismissal is vacated.

In denying Peterson's motion to vacate, the trial court merely stated that Peterson "should have been aware that the complaint had been filed" along with the petition in May 1985 and that Peterson "should have been aware that the case was subject to dismissal unless a certificate of readiness or a motion for continuance was filed." These statements suggest that Peterson herself is guilty of some inexcusable neglect, however, the record does not show that she was personally involved in or otherwise aware of the procedural aspects of this case. Peterson could justifiably rely on her attorney to properly monitor her case and to comply with local procedural rules. *See Finden*, 268 Minn. at 271–72, 128 N.W.2d at 750–51 (party entitled to relief under rule 60.02 where record fails to show that party was aware of attorney's neglect).

This case involves attorney neglect, not neglect or carelessness of a party. *Lund v. Pan American Machines Sales*, 405 N.W.2d 550, 553–54 (Minn.Ct.App.1987). Peterson's attorney candidly admits that any neglect to file a Note of Issue or motion for continuance was his and not his client's. Even if Peterson was aware of her attorney's neglect, the affidavit submitted by her attorney establishes that his actions were reasonable. In this affidavit, Peterson's attorney states that since his own office records indicated that only the petition for appointment of a trustee had been filed, the April 10 order would not apply to this case. Peterson's attorney is "an officer of the court and, absent contrary evidence, we accept his statement that he was unaware of the filing." *Rose v. Neubauer*, 407 N.W.2d 727, 728 (Minn. Ct.App.1987). Her attorney further asserts that by his reading of the April 10 order, he assumed that some additional notice would be given prior to dismissal. We find such an interpretation of the order plausible and sufficient to establish excusable neglect under the facts of this case.

■ Moreover, even if the actions of Peterson's attorney constituted inexcusable neglect, her motion to vacate the judgment would not necessarily fail. Under rule 60.-02, a weak excuse can be offset by a strong showing of other factors. *Guillaume & Associates, Inc. v. Don-John*, 371 N.W.2d 15, 19 (Minn.Ct.App.1985). In this case, Peterson clearly met her burden of proving the other three factors.

Since we conclude that Peterson is entitled to relief under rule 60.02, we need not discuss other issues she has raised. Consistent with a number of recent decisions dealing with the April 10, 1985 order, including one released today, we reverse and vacate the judgment of dismissal. *See, e.g., C & A Enterprises v. Carlson Tractor & Equipment Co.*, 408 N.W.2d 921 (Minn. Ct.App.1987); *Arnold Johnson Decora-*

*tors, Inc. v. Holmbeck & Associates, Inc.,* 408 N.W.2d 919 (Minn.Ct.App.1987); *Rose,* 407 N.W.2d 727; *Lund,* 405 N.W.2d 550. Peterson should be allowed to either certify the case ready for trial or obtain a continuance so that discovery may be completed.

## DECISION

Reversed, judgment of dismissal vacated and action reinstated.