**Larry I. CHARSON,
Petitioner, Appellant,**

v.

**TEMPLE ISRAEL, Respondent.**

**No. C6–86–2087.**

Supreme Court of Minnesota.

Feb. 19, 1988.

Alan G. Greenberg, Gary E. Stoneking, Minneapolis, for appellant.

Richard A. Lind, Kay Nord Hunt, Leo G. Stern, Michael A. Trittipo, Minneapolis, for respondent.

Peter W. Riley, Minneapolis, for amicus curiae.

KELLEY, Justice.

Pursuant to Fourth Judicial District Rule 4.03, appellant Charson's action alleging breach of employment contract and defamation was dismissed. Appellant's motion to vacate the dismissal was denied by the trial court and judgment was entered with prejudice. The judgment was affirmed by the court of appeals. *Charson v. Temple Israel*, 405 N.W.2d 895 (Minn. App.1987). We reverse.

Appellant Charson, a cantor trained to perform ritual singing in Jewish religious services, was hired by respondent Temple Israel for a two-year term commencing May 1, 1984. In September 1984 the relationship was terminated. Charson claims he was discharged in breach of his employment contract. Temple Israel claims Charson resigned. These conflicting claims engendered the instant lawsuit.

In February 1985 Charson's attorney commenced this action by appropriate service of a Summons and Complaint, but neither the Summons nor the Complaint was filed with the district court. After Temple Israel served its Answer, it did file the Answer with the court, and subsequently it did receive a postcard notice from the civil filing department of the court notifying it that a file number had been assigned to the case. Neither Temple Israel nor the court, however, advised Charson or his attorney that a file had been opened in the office of the Hennepin County District Court Administrator.

Thereafter, during discovery, the documents generated by Temple Israel and served on appellant's counsel contained the district court file number. Those documents included: Temple Israel's Answer to Charson's Interrogatories; notice to take Charson's deposition served on Charson's attorney; transcript of Charson's deposition testimony; and Temple Israel's Interrogatories and Demand for Production of Documents.

By January 1986 Charson had discharged his attorney and, for a time thereafter, attempted, pro se, to negotiate a settlement of his claim. When that attempt ultimately proved to be unsuccessful, he rehired his attorney, who, on August 12, 1986, finally filed the original Summons and Complaint only to be then informed by the Hennepin County Court Administrator's Office that the case had been dismissed with prejudice on July 2, 1986, pursuant to the involuntary dismissal rule adopted by the Fourth Judicial District effective after the commencement of this action.[1]

From the time of its original promulgation, Charson's attorney had knowledge of Rule 4.03, was aware of its requirements, and knew the consequences to follow if its terms were not observed. Although he searched his files to locate cases that might be affected by the rule, the search failed to disclose the instant case. He knew he had not filed the case and was unaware that respondent's attorney had filed the Answer in the district court thereby opening a court file.

Normally, appellant's counsel should have had notice of the filing.[2] Rule 5.01,

1. Fourth Judicial District Rule 4.03, insofar as relevant to the issues here raised, reads: "All cases will be automatically dismissed under Rule 41.02 without prejudice after 12 months from initial filing, unless a Note of Issue/Certificate of Readiness has been filed or the case has been continued." A "Notice" immediately following the official publication of Rule 4.03 provides, insofar as relevant "[a]ll existing civil court cases filed with the District Court prior to July 1, 1985 will be dismissed *with prejudice* on July 1, 1986 unless a note of issue/certificate of readiness has been filed or the case has been continued pursuant to motion and order by the assigned judge before July 1, 1986." (Emphasis supplied).

2. Appellant's counsel contends that Fourth Judicial District Rule 3.02 (1985) applies, and had it been followed, he would have received notice of the case filing. Rule 3.02 generally provides that a filing party (here, respondent) must file a "Certificate of Representation" with the Court Administrator's Office within 30 days of the original filing, after which the court is to "immediately notify all parties and attorneys of the judge assigned to the case." Appellant's counsel, however, failed to check that Rule 3.02 does

Minnesota Rules of Civil Procedure (Minn. R.Civ.P.), requires service of appearance by a party. Respondent failed to serve its appearance, which, had the rule's requirement been complied with by respondent, might have alerted appellant's counsel that the action had been filed.[3]

■ Charson's motion to vacate the dismissal was denied by the trial court. In affirming, the court of appeals employed an analysis developed by courts under Minn.R.Civ.P. 60.02. The literal wording of Rule 60.02 indicates that the analysis developed thereunder may be appropriately utilized by a court when considering a claim seeking relief, either from the dismissal order itself, or, as here, from the entry of the judgment with prejudice when the claim is based upon "[m]istake, inadvertence * * * or excusable neglect." Minn.R. Civ.P. 60.02. This court has employed the Rule 60.02 analysis to grant relief in vacating a default judgment, *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964), and in reversing a summary judgment, *Conley v. Downing*, 321 N.W.2d 36 (Minn.1982). The court of appeals has employed the Rule 60.02 analysis not only to sustain a refusal to vacate the judgment of dismissal in this case, but also to vacate a judgment of dismissal on the grounds of excusable neglect in *Sand v. School Serv. Employees Union, Local 284*, 402 N.W.2d 183 (Minn. App.1987) (petition for further review denied, April 29, 1987). *See also, Rose v. Neubauer*, 407 N.W.2d 727 (Minn.App. 1987); *Peterson v. Texas Terrace Convalescent Center*, 408 N.W.2d 924 (Minn.App. 1987); *Armstrong v. Heckman*, 409 N.W.

2d 27 (Minn.App.1987).[4] Because the appeal in this case is likewise from a final judgment entered after dismissal of a motion to vacate an order, and since Rule 60.02 specifically provides that a trial court has discretionary power to grant relief, not only from the order but also from a final judgment, our inquiry concerns whether the refusal of the trial court to grant relief in this case constituted an abuse of that discretion.

Charson first asserts that under standards applied by courts in similar cases involving litigant claims seeking relief from judgments entered pursuant to Fourth Judicial District Rule 4.03, courts have considered that negligent failure to comprehend that a file has been opened in the Court Administrator's Office was excusable. Therefore, the court of appeals' affirmance of the trial court's entry of judgment in this case, he argues, is at odds with *Rose*, 407 N.W.2d at 727; *Peterson*, 408 N.W.2d at 924; *Armstrong*, 409 N.W.2d at 27; *Kurak v. Control Data Corp.*, 410 N.W.2d 34 (Minn.App.1987), and *Arnold Johnsen Decorators, Inc. v. Holmbeck and Assocs.*, 408 N.W.2d 919 (Minn.App.1987), all decided after the issuance of the court of appeals opinion in the instant case. In each of those cases, appellant contends, the neglect was at least as serious as in this case and, in several instances, debatably more egregious. Nevertheless, he contends, in each of those cases the errant party was granted relief under Minn.R.Civ. P. 60.02. Thus, he claims, to deny him relief on these facts in this case clearly demonstrates an abuse of discretion.[5]

not apply to this case because the rule was not effective until July 1, 1985, and the original filing occurred on March 15, 1985.

3. Minn.R.Civ.P. 5.01 provides: "[E]very * * * appearance * * * shall be served upon each of the parties. * * * A party appears when he * * * files any paper in the proceeding."

4. In *Halter v. Bd. of Regents of the Univ. of Minnesota*, 410 N.W.2d 50, 51–52 (Minn.App. 1987), the court of appeals incorrectly characterized appeals in *Sand, Rose*, and *Armstrong*, as being from dismissals. Technically, each of those appeals was from a judgment refusing to vacate a prior dismissal entered pursuant to Fourth Judicial District Rule 4.03. Because this

appeal is from a final judgment, we prefer to follow procedures developed in interpreting Rule 60.02—especially since that rule by its terms permits a similar analysis when relief is claimed from a final order. As a practical matter, in this case, it matters little whether we proceed with the analysis developed under Minn.R.Civ.P. 41.02(1) or with the one under Rule 60.02, since, in essence, all parties concede that Temple Israel would have sustained no prejudice had the dismissal been vacated.

5. In its reply brief, appellant also includes copies of four recent Hennepin County District Court cases where the trial courts have vacated either dismissals or judgments entered thereon,

In response, Temple Israel stresses that each of the cited cases turns upon the unique facts of the particular case. As did the trial judge, Temple Israel focuses more on the "should have known" standard by emphasizing that mere carelessness or mistake alone is insufficient to provide grounds for Rule 60.02 relief. *See, e.g., Whipple v. Mahler,* 215 Minn. 578, 583–84, 10 N.W.2d 771, 775 (1943).

■ For more than 20 years we have analyzed motions seeking relief from orders and judgments under Minn.R.Civ.P. 60.02 by employing a four prong test. *Finden,* 268 Minn. at 268, 128 N.W.2d at 748. In *Finden* we stated that

> in keeping with the spirit of Rule 60.02, in furtherance of justice, and pursuant to a liberal policy conducive to the trial of causes on their merits, the court should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant ' * * * (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) [shows] that no substantial prejudice will result to the other party.'

*Id.* at 271, 128 N.W.2d at 750. Here the trial court failed to employ the *Finden* test in denying the motion to vacate and in entering the judgment with prejudice. Instead, its decision centered on the reasonableness of Charson's excuse. In rejecting the claim of Charson's attorney that his unawareness of the case filing by Temple Israel, and that his inadvertence in overlooking the file numbers on the respondent's documents were excusable, the trial court, by employing its "should have known" standard, denied appellant any relief. Appellant correctly observes that in the light of other recent court of appeals' holdings excusing similar, and even more egregious, attorney neglect, it is difficult to find a rational distinction justifying refusal to reopen a dismissal judgment in this case for mere failure of appellant's counsel to

notice a court file number on respondent's documents. Clearly, had the appellant himself been personally negligent in failing to note the file numbers, the courts of this state would not have denied him relief, when to have done so would have denied him his day in court.

But, additionally, as Charson points out, even in those cases where a court has held the neglect of a client's attorney to be inexcusable, if such neglect has been purely that of counsel, ordinarily courts are loath to "punish" the innocent client for the counsel's neglect. We did state in *Finden* that in general "[u]nder basic principles of agency, such [attorney] neglect was chargeable to defendant." *Id.* at 271, 128 N.W.2d at 750. However, even there we specifically scrutinized the client's action apart from his attorney's omissions. The court of appeals dissenting opinion correctly noted that Charson personally was not chargeable with inexcusable neglect; that Charson moved with "due diligence" after receiving notice of the dismissal; and, further, that Temple Israel neither claims, nor sustained, prejudice other than delay, which, in and of itself, constitutes an insufficient showing of prejudice. *Charson,* 405 N.W.2d at 898–901. *See, e.g., Finden,* 268 Minn. at 272, 128 N.W.2d at 751. Thus, we conclude that Charson clearly has satisfied three of the four *Finden* requirements.

But before relief will be granted from a final order or judgment, the moving party must also establish to the satisfaction of the court that it possesses a meritorious claim. *See, e.g., Hengel v. Hyatt,* 312 Minn. 317, 252 N.W.2d 105, 106 (1977). Additionally, the existence of a meritorious claim must ordinarily be demonstrated by more than conclusory allegations in moving papers. *See In re Livingston's Estate,* 117 Minn. 421, 423–24, 136 N.W. 8, 9 (1912). The court of appeals agreed with respondent's contention that Charson had failed to establish this requirement.

Admittedly the respondent's argument that the affidavit submitted in support of Charson's vacation motion failed in specific-

---

even though the facts in those cases were substantially similar to those in the instant case.

Our analysis herein, however, is made without reference to those cases.

ity is not without some merit. Charson, however, claims the record before the court, as a whole, does establish the existence of a meritorious claim. As a threshold matter, he questions whether a showing of existence of a meritorious claim should ever be necessary to satisfy this fourth prong of the *Finden* analysis when the plaintiff is the party seeking relief from the entered judgment. He observes that most, if not all, of the cases discussing this element involved an attempt by defaulting defendant to reopen a judgment. In those instances, rarely, if ever, was even an answer on record. Therefore, in order to ensure that there was a bona fide issue for judicial resolution, the law sensibly requires the moving party to show the existence of a meritorious defense. But, appellant contends, when a plaintiff moves for relief from a judgment, that reason is inapplicable. In the instance where the plaintiff brings the motion for relief, the complaint itself, which, of course has been served on the defendant, ordinarily reveals whether the allegations, if true, would entitle the plaintiff to relief. Even if that contention is rejected, appellant Charson asserts that in this case there was more than just the bare allegations of the complaint before the trial court—to-wit, discovery materials which demonstrated the existence of an employment contract, its terms, and a genuine dispute whether that contract had been terminated by a breach of the defendant, as he alleges, or by resignation, as claimed by respondent Temple Israel. Finally, appellant asserts that the court of appeals has found the existence of a meritorious claim in actions dismissed in

Hennepin County under Fourth Judicial District Rule 4.03 based solely on the complaint itself. *See, e.g., C & A Enters. v. Carlson Tractor & Equip. Co.*, 408 N.W.2d 921 (Minn.App.1987); *Peterson v. Texas Terrace Convalescent Center*, 408 N.W.2d 924 (Minn.App.1987); *Armstrong v. Heckman*, 409 N.W.2d 27 (Minn.App.1987).

It is unnecessary to decide whether a plaintiff ever need to make a showing of a claim of merit by affidavit outside the complaint itself, because we hold here that Charson did furnish the trial court with specific information clearly demonstrating the existence of a debatably meritorious claim. These materials confirmed the existence of the employment relationship, set forth facts demonstrating the existence of an issue whether that relationship had been terminated by respondent's breach, and, if so, whether in so doing Temple Israel had defamed Charson.

Accordingly, we conclude that appellant Charson has met the burden of clearly demonstrating the existence of the four elements of the *Finden* analysis. On this showing, we hold the trial court abused its discretion in denying the motion to vacate the dismissal entered pursuant to Fourth Judicial District Rule 4.03 and in entering judgment with prejudice.[6] Therefore, we remand to the trial court for vacation of both the judgment and the dismissal.[7]

---

**6.** Our decision today should not be read as a condemnation of the praiseworthy efforts of the judges of Hennepin County to tackle the serious congestion and backlog on the Hennepin County court calendars by enactment of Fourth Judicial District Rule 4.03. The rule provides an innovative and effective way of addressing that pressing problem. We note that the rule itself merely provides for "dismissal" if a party fails to timely comply with it. We are informed that no longer are Hennepin County judges ordering entry of judgment "with prejudice," at least until after a hearing, on notice, after which findings are made considering the four elements of *Finden*. The adoption of the changed procedure serves to preserve the worthwhile benefits of

reducing the pendency of cases attempted to be addressed by Fourth Judicial District Rule 4.03, while simultaneously granting relief to those few who indeed have meritorious claims to relief from the drastic consequences of literal failure to comply with Rule 4.03.

**7.** Our disposal of this appeal by employment of the *Finden* guidelines to this Rule 60.02 motion for relief from a final order or judgment by finding trial court abuse of discretion moots other issues raised. Therefore, we decline to address appellant's claim that the automatic dismissal rule in Hennepin County is inconsistent with Minn.R.Civ.P. 41.02. Likewise, we do not

consider his claim that the rule offends the due process clauses of the United States and Minnesota Constitutions.