**POURED CONCRETE FOUNDATIONS INC., Respondent,**

v.

**ANDRON, INC., Respondent,**

**Construction Mortgage Investors Co., Appellant,**

**Richard F. McNamara, Defendant.**

**First Southdale Bank of Edina, a/k/a First Bank NA, Southdale Office, Dura Supreme Inc., Creative Lighting, Inc., et al., Wayne King, Robert Allen, Inc., Restore Specialties, Lyman Lumber Co., Kevitt Excavating, Daniel N. Carlson, d/b/a Woodshire Mantels, Builders Wholesale, Inc., Northwestern Tile and Marble Co., Inc., Woodlake Cement Construction Co., Johnson & Johnson Building Co., Inc., Gary Pestel, d/b/a Sunshower Landscaping & Irrigation, Model Stone Co., Richfield Plumbing Co., London Brick, Inc., Respondents.**

Nos. C7–93–612, C9–93–613.

Court of Appeals of Minnesota.

Nov. 16, 1993.

Review Denied Jan. 27, 1994.

Spencer Kluegel, Minnetonka, for Poured Concrete Foundations, Inc.

James A. Beitz, Hagerty, Johnson, Albrightson & Beitz, P.A., Minneapolis, for Construction Mortg. Investors Co.

Vincent J. Fahnlander, Curtis D. Smith, Reese E. Chezick, Moss & Barnett, P.A., Minneapolis, for Dura Supreme, Inc.

Neil Meyer, Minneapolis, for Creative Lighting, Inc.

Katherine M. Bergenthal, Coleman, Hull & Van Vliet, Minneapolis, for Lyman Lumber Co.

Michael J. Minenko, Johnson & Madigan, Minneapolis, for Northwestern Tile and Marble Co., Inc.

Jan Henry Susee, Susee & Lee, Ltd., Richfield, for Woodlake Cement Const. Co.

Timothy J. Grande, Mackall, Crounse & Moore, Minneapolis, for Johnson & Johnson Bldg. Co., Inc.

Thomas G. Lovett, Jr., Lovett & Associates, Ltd., Minneapolis, for Richfield Plumbing Co.

Reese E. Chezick, Moss & Barnett, P.A., Minneapolis, for London Brick, Inc.

Considered and decided by CRIPPEN, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

Appellant Construction Mortgage Investors, Inc. challenges a trial court order (1) denying completion of trial after a dismissal under Minn.R.Civ.P. 41.02(b) was reversed on appeal and (2) vacating judgment against nonappealing lien claimants after remand. We reverse.

## FACTS

Andron, Inc. purchased a subdivision and hired Kevitt Excavating to do excavating work in May 1988, including grading, clearing, cutting, filling, removing stumps, and constructing building pads. On lot 7 the elevation was cut by twenty feet and a building pad was constructed. On November 17, 1988, Andron obtained a construction mortgage from appellant Construction Mortgage Investors, Inc. (CMI). It was recorded the same day. Andron obtained a building permit on December 12, 1988.

Kevitt did additional excavating work on lot 7, which was separately contracted for, invoiced, and billed. A house was built on lot 7. From July 25, 1989 through February 8, 1991, eighteen lien claimants filed mechanics' liens for work on materials provided for lot 7. CMI and one of the lien claimants initiated

foreclosure actions against lot 7. The lien claimants argued that their work should relate back to the original excavating work done by Kevitt. If that date is used, then claims have priority over the recorded construction mortgage.

A bifurcated trial began on September 30, 1991, addressing the priority issue. At the close of the lien claimants' case, CMI made a motion for involuntary dismissal pursuant to Minn.R.Civ.P. 41.02(b). The trial court granted the motion, finding that the original excavating work did not constitute an improvement to lot 7 and that the later work was separate from the original work, and holding that CMI's mortgage had priority over the mechanics' liens. The trial court issued findings of fact, conclusions of law, and order dismissing the lien claimants' claims and ordering judgment for CMI, pursuant to Minn.R.Civ.P. 41.02(b).

Some of the lien claimants appealed.[1] This court reversed and remanded, holding that "Kevitt's initial work amounted to a visible improvement and that the trial court erroneously decided this issue." *Poured Concrete Foundations, Inc. v. Andron, Inc.*, No. C8–92–186, 1992 WL 166694 (Minn.App. July 21, 1992), *pet. for rev. denied* (Minn. Sept. 30, 1992). On remand, CMI moved for completion of the trial and affirmance of the judgment against the nonappealing lien claimants. Two lien claimants who had not appealed moved to vacate the judgment against them.

A different trial judge issued an order denying CMI's motion for completion of the trial to present additional evidence and vacating the judgment against nonappealing lien claimants. CMI perfected an appeal of the order vacating the judgment (No. C7–93–612) and petitioned for discretionary review of the order denying its motion to present additional evidence (No. C9–93–613). By special term order, this court granted CMI's petition and consolidated the cases in this appeal.

---

1. Respondents Dura Supreme, Inc., Creative Lighting, Inc., Stephen Donnelly Company, Inc., Northwestern Tile and Marble Company, Woodlake Cement Construction Company, and Richfield Plumbing Company.

## ISSUES

1. Did the trial court err by not allowing completion of the trial on the issue of whether the improvement on lot 7 was a separate improvement after this court reversed a prior dismissal under Minn.R.Civ.P. 41.02(b)?

2. Did the trial court err by vacating the judgment against nonappealing lien claimants, allowing them to benefit from the appeal?

## ANALYSIS

### I.

During the first appeal, two issues were presented to the court: (1) whether Kevitt's original excavating work on lot 7 constituted a visible improvement under the mechanics' lien statute so that all the mechanics' liens related back to that work, and (2) whether Kevitt's original excavating work was a separate improvement from the work done later. This court's opinion focused on the first issue, concluding Kevitt's original work was a visible improvement, and we reversed and remanded the case. *Poured Concrete Foundations, Inc. v. Andron, Inc.*, No. C8–92–186, 1992 WL 166694 (Minn.App. July 21, 1992), *pet. for rev. denied* (Minn. Sept. 30, 1992).

On remand, CMI made a motion for completion of the trial to present its case on the separate improvement issue. The lien claimants argue this issue was impliedly decided by the court of appeals, and that decision has become the law of the case. Law of the case

> applies when the appellate court has ruled on a legal issue and remanded for further proceedings on other matters. The issue decided becomes "law of the case" and may not be relitigated in the trial court or reexamined in a second appeal.

*Sigurdson v. Isanti County*, 448 N.W.2d 62, 66 (Minn.1989). CMI argues that the priority issue has not been fully litigated because the separate improvement issue was not decided and because it was not given the opportunity to present its side of the case at trial.

CMI made its motion for involuntary dismissal under Minn.R.Civ.P. 41.02(b) at the close of the lien claimants' case. Rule 41.-02(b) provides:

> After the plaintiff has completed the presentation of evidence, the defendant, *without waiving the right to offer evidence in the event the motion is not granted,* may move for a dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief. In an action tried by the court without a jury, the court as trier of the fact may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52.01.

(Emphasis added.)

A dismissal under Minn.R.Civ.P. 41.02(b) requires written findings as provided in Minn.R.Civ.P. 52.01. *T.P.B. Properties v. Coldwell, Banker & Co.*, 354 N.W.2d 102, 105 (Minn.App.1984). The findings are not set aside unless clearly erroneous. *Id.* In the first appeal, this court found the findings regarding whether Kevitt's original work was a visible improvement were clearly erroneous and reversed. On remand, the trial court denied CMI's motion for completion of the trial to present its case.

CMI retained its right to offer evidence on remand after the dismissal was reversed on appeal. *See County of Freeborn v. Bryson*, 297 Minn. 218, 230, 210 N.W.2d 290, 298 (1973); 2 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 41.22 (2d ed. 1985).

> At the close of the [plaintiffs'] and intervenors' evidence, the defendants motion for dismissal of the injunction action was granted. Rule 41.02(2) [now 41.02(b)], Rules of Civil Procedure, provides that a defendant does not waive his right to present evidence if his motion to dismiss at the time plaintiff completes his evidence is denied. *It follows that when the trial court's grant of the motion is reversed on appeal, the defendants should be allowed to offer the evidence * * * as a defense.*

*County of Freeborn*, 297 Minn. at 230, 210 N.W.2d at 298 (emphasis added).

■ While some of the evidence and the witnesses CMI expected to introduce have already been introduced by the lien claimants, CMI is entitled to present the evidence in its case in chief. In addition CMI asserts it will present more evidence on the separate improvement issue. The issue of whether the work on lot 7 constituted one improvement or separate improvements is a question of fact. *See Witcher Constr. Co. v. Estes II Ltd. Partnership,* 465 N.W.2d 404, 406 (Minn.App.1991), *pet. for rev. denied* (Minn. Mar. 15, 1991). CMI is allowed the opportunity to present its case. We reverse the trial court's order denying CMI's motion for completion of trial.

## II.

After the case was remanded to the trial court, two nonappealing lien claimants made a motion to have the judgment against them vacated under Minn.R.Civ.P. 60.02(f) (vacation of judgments allowed for reasons which justify relief), arguing that they should be allowed to benefit from the appeal. The trial court granted this motion, denied CMI's motion to affirm the judgment against other nonappealing lien claimants, and stated that all lien claimants who had complied with the mechanics' lien statute, regardless of whether they had appealed, were entitled to benefit from the appeal.

■ A trial court's decision to vacate a judgment is not reversed absent a clear abuse of discretion. *Charson v. Temple Israel,* 419 N.W.2d 488, 490 (Minn.1988). However, the trial court's decision to vacate the judgment was based upon a question of law, whether the nonappealing lien claimants may benefit from the earlier appeal. Questions of law are reviewed without deference to the trial court. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984); *see also Sorenson v. St. Paul Ramsey Med. Ctr.,* 457 N.W.2d 188, 190 (Minn.1990) (dismissal based upon question of law subject to de novo review on appeal).

■ Generally, a party who fails to appeal is bound by the lower court's decision. *Loram Maintenance of Way, Inc. v. Consol. Rail Corp.,* 354 N.W.2d 111, 113 (Minn.App.

1984), *pet. for rev. denied* (Minn. Jan. 11, 1985).

Ordinarily, an interested party who does not appeal from a judgment or order affecting his rights does not benefit by the appeal of another party likewise affected by such judgment or order, but whose interests therein are different from his.

*In re Guardianship of Hudson's Estate,* 235 Minn. 444, 51 N.W.2d 103 (1952).

■ There is an exception to the general rule, but the exception is not as broad as the nonappealing lien claimants argue. They argue that as long as their interests are not adverse to the appealing lien claimants, they should be allowed to benefit from the appeal. We disagree. The exception is limited to situations involving parties with joint interests where only one party appeals an adverse ruling. If the ruling on appeal would place the nonappealing parties in a position worse than before the appeal, the ruling on appeal will apply to all the parties. *See Wood v. Cullen,* 13 Minn. 394, 13 Gil. 365 (1868). In *Wood,* one partner of jointly liable partners appealed and won reversal. The court reversed as to all the partners because the judgment could not be reversed without injuring the rights of the partners who did not appeal. Those partners would have to pay the appealing partner's share of the judgment. Therefore, they would be injured because they would be liable for more than they were liable for before the appeal. *See id.* at 399, 13 Gil. at 370.

■ *In re Guardianship of Hudson's Estate,* 235 Minn. 444, 51 N.W.2d 103 (1952) did not broaden the exception. In *Hudson's Estate,* the court found a nonappealing party could not benefit from an appeal by an adverse party. The court distinguished its case from the situation where the parties have joint liability, and pointed out that not only were the parties' interests not joint, they were actually adverse. *Id.* at 452, 51 N.W.2d at 107–08. Appellant argues that this ruling should be interpreted to mean that whenever the nonappealing parties' interests are not adverse to the appeal party's interests, they benefit from the appeal. We disagree. They receive the benefit only if their interests are

so intertwined that they are harmed by the result on appeal.

Here, the lien claimants' interests are similar. But they are not joint, and the reversal did not increase the nonappealing lien claimants' liability. The nonappealing lien claimants, if not given the benefit of the appeal, are in the same position they were after the trial court decided the case. They continue to be lower in priority to CMI's construction mortgage. Their liability did not increase after the reversal. They are not harmed by the appeal, therefore they may not benefit from the appeal. We reverse the trial court's order vacating the judgment against the nonappealing claimants.

**Reversed.**

HARTEN, Judge (concurring in part, dissenting in part).

I agree that the trial court order should be reversed to allow completion of the trial on the issue of priority. Because I believe the trial court correctly allowed the nonappealing lien claimants to benefit from the appeal, however, I respectfully dissent on that issue.

I have no quarrel with this court's recognition of the general rule that a party who fails to appeal is bound by the lower court's decision. *Loram Maintenance of Way, Inc. v. Consolidated Rail Corp.*, 354 N.W.2d 111, 113 (Minn.App.1984). Applied to the facts of this case, however, this rule is discordant.

In a prior appeal in this case, we decided that initial excavation work constituted a first improvement under Minn.Stat. § 514.05 (1990). The law allows the perfected lien claimants to tack their liens to the first improvement and become coordinate with it. *Id.* Thus, the subsequent perfected lien claimants' positions are derived from the initial work. Any given lien shares functional equality with any and all the others; any foreclosure recovery is shared prorata. Ap-

plication of the general rule to forfeit the interests of the nonappealing claimants artificially undermines the statutory scheme.

Moreover, the supreme court decision in *In re Guardianship of Hudson's Estate*, 235 Minn. 444, 51 N.W.2d 103 (1952) suggests a contrary result. In *Hudson's Estate*, the supreme court terminated the interest of a special guardian who failed to perfect an appeal regarding his incurred fees and expenses. 235 Minn. at 452, 51 N.W.2d at 107. The daughter of the ward, who was interested in the residue of the estate, perfected her appeal. The court stated:

> [T]he situation [adverse interests of guardian and ward] is not similar to those involving a joint judgment or decree against several parties where the effect of an appeal by one, without concurrence of the others, carries up the whole case so that a reversal inures to the benefit of all. * * *
>
> Ordinarily, an interested party who does not appeal from a judgment or order affecting his rights does not benefit by the appeal of another party likewise affected by such judgment or order, but whose interests therein are different from his.

*Id.* at 452, 51 N.W.2d at 107–08 (citations omitted).

This is not an ordinary case. The nonappealing claimants here should benefit from the appeal because the appeal inexorably "carried up the whole case" under application of Minn.Stat. § 514.05. I would affirm the trial court's refusal to dismiss the claims of the nonappealing perfected lien claimants.