*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0951**

Margaret MacCallum and Antimo Veneziale, individually,
and as assignees of James S. Poyser and Ashley E. Poyser (Bystrom),
Appellants,

vs.

Spring Bay Floating Lodges, Inc.,
d/b/a Vermillion Houseboats, et al.,
Respondents.

**Filed January 30, 2017
Affirmed
Reyes, Judge**

St. Louis County District Court
File No. 69VI-CV-14-99

Kerry A. Trapp, Morrison Sund, P.L.L.C., Minnetonka, Minnesota (for appellants)

Bryan M. Lindsay, The Trenti Law Firm, Virginia, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Smith, Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellants argue that the district court abused its discretion when it denied their motion to vacate a judgment of dismissal for failure to prosecute under Minn. R. Civ. P. 60.02. In denying appellants' motion, the district court determined that appellants did not

establish a debatably meritorious claim, a reasonable excuse for their failure or neglect to act, or that respondents would not be substantially prejudiced if the judgment were vacated. We affirm.

**FACTS**

In 2009, appellants Margaret MacCallum and Antimo Veneziale allegedly loaned James and Ashley Poyser (the Poysers), appellants' nephew and his wife, $50,000 with repayment starting in 2012, pursuant to an oral agreement. Ashley Poyser is the daughter of respondents Leann and Charles Bystrom. Duane Fuhrman, James Poyser's uncle, also allegedly loaned $20,000 to the Poysers. The Poysers transferred $64,000 of the funds received to respondent Spring Bay Floating Lodges, Inc.[1] In 2011, the Poysers assigned to appellants and Furhman their rights to collect the funds transferred from the Poysers to Spring Bay, and appellants and Fuhrman released the Poysers from their obligation to repay the $70,000. Furhman also appointed appellants as his agents for the purpose of executing the assignment and release agreement.

After appellants did not receive payments in 2012, they retained an attorney and filed a complaint against Spring Bay in January 2014. Appellants' attorney did not appear at the scheduling conference. Appellants' attorney also failed to appear at the rescheduled telephone scheduling conference, for which he was to initiate the call. Despite appellants' attorney's absence, the district court scheduled a jury trial for December 2014.

---

[1] Respondents are collectively referred to as Spring Bay.

In August 2014, Spring Bay filed a motion to compel appellants to respond to discovery requests and requested $999 in attorney fees and costs. No filings were made in response to the motion to compel, and neither appellants' attorney nor appellants appeared at the hearing. The district court granted Spring Bay's motion, ordering appellants to respond to the discovery requests within ten days and to pay $999 for attorney fees and costs incurred by bringing the motion to compel.

Subsequently, Spring Bay sent a letter to the district court requesting a continuance and a hearing to bring a motion to dismiss for failure to prosecute because appellants had not complied with the district court's order compelling discovery. The motion hearing was scheduled for December 2014 but was later continued to January because appellants failed to respond to the motion or appear at the December hearing. Two days prior to the continued hearing date, appellants' attorney sent Spring Bay a fax containing various documents, some of which the district court described in its subsequent order as purported discovery responses. In the subsequent order, the district court also denied Spring Bay's motion to dismiss and set a new jury-trial date for June 2015.

Appellants failed to provide the necessary filings indicated in the district court's scheduling order. In addition, neither appellants nor their attorney appeared in person on the jury-trial date. The district court called appellants' attorney, and he told the court that he was not prepared for trial and requested to reschedule. Spring Bay then renewed its motion to dismiss for failure to prosecute. The district court entered an order granting

3

Spring Bay's renewed motion to dismiss for failure to prosecute and dismissed appellants' claims with prejudice.

In January 2016, appellants, with new counsel, filed a motion to vacate the judgment of dismissal pursuant to Minn. R. Civ. P. 60.02. The district court denied appellants' motion to vacate the judgment. This appeal follows.

## D E C I S I O N

Appellants argue that the district court abused its discretion by denying their motion to vacate the judgment of dismissal. We disagree.

A district court may relieve a party from a final judgment for "[m]istake, inadvertence, surprise, or excusable neglect" or "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(a), (f). District courts should be liberal in reopening judgments because the goal of litigation is to resolve disputes on the merits. *Westfield Ins. Co. v. Wensmann, Inc.*, 840 N.W.2d 438, 449 (Minn. App. 2013), *review denied* (Minn. Feb. 26, 2014). However, to grant relief under rule 60.02, the district court must consider and expressly find that appellants satisfied all four of the *Finden* factors.[2] *Gams v. Houghton*, 884 N.W.2d 611, 620 (Minn. 2016) (quotation omitted). The four factors are: (1) a "debatably meritorious claim;" (2) "a reasonable excuse for the failure or neglect" to act; (3) that appellants "acted with due diligence after notice of entry of judgment;" and (4) "that no substantial prejudice will result to the other

---

[2] These factors have also been referred to as the *Hinz* factors. *Gams v. Houghton*, 884 N.W.2d 611, 614 n.1 (Minn. 2016).

4

party." *Charson v. Temple Israel*, 419 N.W.2d 488, 491–92 (Minn. 1988) (quoting *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964)).

This court reviews a district court's decision to deny a rule 60.02 motion for a clear abuse of discretion. *Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 402 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008); *Gams*, 884 N.W.2d at 620 (quotation omitted). We afford the district court broad discretion in assessing the *Finden* factors because "[t]he decision to grant Rule 60.02 relief is based on all the surrounding facts of each specific case" and the district court is in the best position to evaluate the circumstances underlying each factor. *Id.* A district court abuses its discretion if it "has acted under a misapprehension of the law," *Sommers v. Thomas*, 251 Minn. 461, 469, 88 N.W.2d 191, 196–97 (1958), or if its "reasons are based on facts not supported by the record." *Northland Temps.*, 744 N.W.2d at 402–03.

## I.     Appellants did not establish a debatably meritorious claim.

Appellants assert that they established a meritorious claim through their complaint and supporting documents. We are not persuaded.

Under rule 60.02, appellants must provide specific information demonstrating a debatably meritorious claim. *Charson*, 419 N.W.2d at 491-92. "[A] debatably meritorious claim is one that, if established at trial, presents a cognizable claim for relief." *Cole v. Wutzke*, 884 N.W.2d 634, 638 (Minn. 2016). Ordinarily, a claim must be established by more than "conclusory allegations in moving papers." *Charson*, 419 N.W.2d at 491. Appellants may establish a debatably meritorious claim "in an affidavit or by other proof." *Grunke v. Kloskin*, 355 N.W.2d 207, 209 (Minn. App. 1984), *review*

*denied* (Minn. Jan. 2, 1985). However, the Minnesota Supreme Court has not yet determined whether a party seeking 60.02 relief may rely entirely on the complaint to establish a debatably meritorious claim. *Cole*, 884 N.W.2d at 638 n.3.

Appellants rely on *Charson* to demonstrate that they established a debatably meritorious claim. In *Charson*, the supreme court concluded that the district court abused its discretion in denying Charson's motion to vacate a dismissal where, in addition to the complaint, Charson provided the district court with discovery materials that supported the allegations in the complaint. 419 N.W.2d at 492.

Here, the district court concluded that appellants failed to demonstrate that they possess a meritorious claim because the record was not sufficiently developed. The causes of action in appellants' complaint are based on the existence of a contractual or investment relationship between appellants and Spring Bay, allegedly entered into in June 2011, or a contractual relationship between the Poysers and Spring Bay. Neither of these agreements, however, was attached to the complaint. In addition, the record does not demonstrate that Spring Bay had any obligation to appellants because there is no further mention of the June 2011 contract.

The 2011 assignment agreement establishes the existence of an arrangement by which appellants transferred $50,000 to the Poysers and that the Poysers assigned their rights to collection from Spring Bay to appellants. MacCallum asserts in her deposition that repayment of the funds was to begin in 2012. However, the assignment agreement notes that no writing exists detailing the terms or conditions for repayment of either the

6

$70,000 that appellants and Fuhrman loaned to the Poysers or the $64,000 the Poysers transferred to Spring Bay.

The record before this court indicates that, unlike in *Charson*, appellants did not provide the district court with specific information outside of the complaint sufficient to demonstrate a debatably meritorious claim.[3]  In addition, appellants did not present sufficient information within the unsupported allegations of the complaint to allow the district court to reach this conclusion.  Thus, the district court did not abuse its broad discretion when it concluded that appellants failed to establish a debatably meritorious claim.

The district court considered all four *Finden* factors and determined that appellants failed to provide a reasonable excuse for their failure or neglect to act and failed to show that no substantial prejudice would result to Spring Bay if the judgment were vacated.  However, because appellants failed to satisfy the first *Finden* factor, we need not address the remaining factors.  *Gams*, 884 N.W.2d at 619 (concluding that district court must consider and find that party satisfied all four *Finden* factors to grant relief under rule 60.02).  Accordingly, the district court did not abuse its discretion in denying appellant's rule 60.02 motion.

**Affirmed.**

---

[3] At the rule 60.02 motion hearing, Spring Bay "concede[d] that the case looks good on the merits;" however, it also noted that there had not been a "full and fair opportunity to develop all of the different theories and defenses."  Such statements do not establish a debatably meritorious claim.